CHARLES A. WELLS, and others *vs.* THE COMMISSION-
ERS OF HYATTSVILLE.

*Act of 1892, ch. 285— Commissioners of Hyattsville— Ex-
emption of Buildings and Improvements from Taxation—
Single tax—Article 15 of Declaration of Rights—Manda-
mus— Unconstitutionality of Act of 1892, ch. 285.*

The Act of 1892, ch. 285, in authorizing the board of commis-
sioners of Hyattsville, as a final board of appeals, equalization,
and control, to hear appeals, and make such deductions or
exemption from, and addition to, the assessment made by
the assessors as they might deem just, and to correct errors or
illegal assessments, did not confer upon the board power to
exempt all buildings and impovements from taxation, leaving
only the land assessed.

Under Article fifteen of the Declaration of Rights which provides
that "every person in the State, or persons holding property
therein, ought to contribute his proportion of public taxes for
the support of the government according to his actual worth in
real or personal property," buildings, improvements, and per-
sonal property are as liable to assessment for taxation as land,
and the Legislature has no power to exempt them.

When State policy and considerations beneficial to the public
justify it, the Legislature has the power to exempt, within
reasonable limits, some species of property from taxation.

The right to impose fines, duties, or taxes "with a political view
for the good government and benefit of the community," given
by Article fifteen of the Declaration of Rights, is in no sense a
power to exempt at all, and will not uphold an Act that would
impose the entire burden of taxation upon land.

A mandamus to have an assessment corrected will not be granted,
where both the period for making it and the period for levying
the tax have passed.

The Act of 1892, ch. 285, in its unrestricted exemption of personal
property from assessment and taxation, in disregard of Article
fifteen of the Declaration of Rights, is null and void.

NOTE.—The power of the Legislature as to the exemption of property from taxa-
tion is fully treated in a *note* to *Hogg vs. Mackay,* ( *Oregon,*) 19 *Law Reps. Anno.,* 77.

Wells, et al. vs. Hyattsville.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRISCOE, J.

*R. Ford Combs, R. W. Habercorn, and Marion Duckett, for the appellants.

Cities and counties are but local divisions of the State, organized and chartered for the more efficient and economical administration of government. As such they have no inherent power of taxation. Daly vs. Morgan, 69 Md., 467, 468.

They can lay no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably given or conferred. St. Mary's Industrial School for Boys vs. Brown, et al., 45 Md., 311; Cooley on Con. Lim., 231, (Ed. 1890.)

To sustain the exemption of any part of land from taxation (and exempting buildings is exempting land) it must be shown that the exempted part was not directed to be assessed, for the Legislature to direct the entry of persons in and upon the dwellings of land owners, for the purpose of assessment, without the entry and assessment being for the purpose of taxation, would be directing wanton trespasses within the homes and dwellings of the citizens of the town, to gratify an idle curiosity or a vain purpose. The levy of taxes is simply the making out of the tax list, and delivering the same to the tax collector. State vs. Mahew, 2 Gill, 498.

*Present, but did not take part in the argument.

Wells, *et al.* *vs.* Hyattsville.

"The right of taxation is never presumed to be relinquished, and before any party can rightfully claim an exemption from the common burden, it is incumbent on that party to show affirmatively that the exemption claimed is authorized by law. If there be a real doubt upon the subject, that doubt must be resolved in favor of the State; it is only where the exemption is shown to be granted in terms clear and unequivocal, that the right of exemption can be maintained." *Mayor, &c. of Baltimore vs. Grand Lodge of Accepted Masons,* 60 *Md.,* 283; *Appeal Tax Court of Baltimore City vs. Rice, et al.,* 50 *Md.,* 303.

Inasmuch as a municipal corporation has no more inherent power of taxation than an individual, it can no more declare an exemption from taxation than an individual can plead one. See *County Comm'rs of Frederick County vs. Sisters of Charity of St. Joseph,* 48 *Md.,* 40.

The Courts have been consistently careful to see that the Revisory Tax Tribunal did not change the assessment to the prejudice of taxpayers, who under the circumstances had no reason to look for and anticipate any such change. If the taxpayer himself does not appeal, he has a right to suppose that the assessment against him will be allowed to stand as made; if the authority be conferred on the board of review to change the assessment under specified circumstances, the existence of those circumstances is a condition precedent to their action. *County Comm'rs of Alleghany Co., et al. vs. Union Mining Co., &c.,* 61 *Md.,* 555, 556; *Cooley on Taxation,* 266, 267, 268; *Ulman vs. Mayor, &c. of Baltimore, et al.,* 72 *Md.,* 587, 588.

In the case of *Ulman vs. Mayor, &c., of Baltimore,* 72 *Md.,* 588, neither the Act of 1874 nor the ordinance of the City of Baltimore, nor the legal Code made any provision for giving notice to the parties who may be charged with the costs of paving North avenue, that the work will be done or that they will be assessed therefor; it

was held that the assessment levied under the ordinance was null and void, as it was the taxing of property *without due process of law,* in violation of both State and Federal Constitution. Again, the right to have notice to appear and be heard before such taxes are imposed, is an absolute right not to be invaded under any pretext whatever; and the fact that the taxes would have been the same if the property owner had appeared and been heard, does not make it legal. The right of appeal is very forcibly put in the case quoted from 72 *Md., on page* 595. The Courts say, that it is a constitutional guarantee which belongs to the individual by right, and not by the mere favor of the Legislature or the sufferance of judicial tribunals.

The fifteenth Article of the Declaration of Rights, declares that every person in the State, or person holding property therein, ought to contribute his portion of public taxes for the support of the government, *according to his actual worth in real or personal property.* It is a fundamental declaration of the right of the citizen against undue and unequal assessment of taxes by the government.

The object of this provision of the Declaration of Rights, as has been repeatedly decided by this Court, was to obtain uniformity and equality in taxation. The Commissioners of the Town of Hyattsville, in making the levy complained of, ignored the assessments against the improvements of the town, omitted to assess personal property at all, and levied alone, against the land lying within the corporate limits of the town. This violates the principle of equality guaranteed by the Declaration of Rights. The Legislature can not lawfully levy taxes for the support of the government upon different classes or species of property at different rates without regard to the real value, nor upon one class of property alone; neither one class of our citizens, *nor one*

*species of property* of our citizens, can be selected as the persons or the property upon whom the burden of taxation can be cast. All the property of all the people must be equally assessed, and then all this assessed property must be equally taxed. Any other principle would enable the Legislature to collect the whole State tax from the owner of any one description of property which it might capriciously select, and thus to burden one class of people and one species of property, and exempt another class or a different species of property altogether. *State vs. Cumb. & Penn. R. R. Co.*, 40 *Md.*, 52.

In contemplation of law the buildings upon a man's land are as much a part of the real estate as the land on which they are located; is it not then unjust and in violation of the principle of equality that lots of the same size should be taxed for the same amount, when upon one is an improvement worth $5000, whilst the other is unimproved? *O'Neal, et al. vs. Va. & Md. Bridge Co.*, 18 *Md.*, 23; 2 *Blackwell on Tax Titles*, 510; *Burroughs on Tax.*, 62, 63, 380.

It is a principle of law that a delegated power cannot be delegated. It is in the wisdom, judgment and discretion of the Legislature that the trust and confidence is reposed; and it is beyond the power of the Legislature to transfer that trust and confidence to another authority. If, under the Constitution of our State, one class or species of property can be entirely exempted from taxation, it must be done by the Legislature itself and not left to the judgment or discretion of a Board of Town Commissioners. In our own State the authorities are clear that an exemption is never to be presumed. It is a special privilege in conflict with universal obligation conferred only by positive law, and not found in the character of the person or property except in a few speci-

fied cases. *County Comm'rs of Frederick County vs. Sisters of Charity of St. Joseph,* 48 *Md.,* 40.

The Legislature can not constitutionally transfer to municipal corporations the power of determining upon what property taxes shall, and what shall not, be imposed. If, as has been attempted in this case, the land alone is to bear the entire burden of taxation, it must be done by the positive enactment of the Legislature to exempt all improvements and all personal property from taxation. The Legislature can not delegate power to make such exemption to a Board of Town Commissioners. *Brewer Brick Co. vs. Brewer,* 62 *Maine,* 62; *Wilson vs. Supervisors of Sutter County,* 47 *Cal.,* 91; *State, &c. vs. Hudson County Avenue Comm'rs,* 37 *N. J.,* 19; *Cooley Const. Lim.,* 137, (*6th Ed.*)

"Constitutional provisions for the purpose of insuring equality in the levying and collection of taxes apply equally to all kinds of taxation, whether State, county or municipal." *Cooley on Taxation,* 134, (*2nd Ed.*); *Burroughs on Taxation, p.* 380, *sec.* 130; *Knowlton vs. Supervisors of Rock County,* 9 *Wisc.,* 410; *Weeks vs. City of Milwaukee,* 10 *Wisc.,* 242; *City of Zanesville vs. Auditor of Muskingum County,* 5 *Ohio State,* 589; *Daly vs. Morgan, et al.,* 69 *Md.,* 465.

If personal property or improvements may be exempted, with the same propriety and justice, the law might compel one-half of the real estate within the district to sustain the whole burden. *Primm, et al. vs. City of Belleville, et al.,* 59 *Ill.,* 142, 144; *Hale vs. City of Kenosha, et al.,* 29 *Wisc.,* 599; *Cooley on Taxation,* 180.

It is difficult to conceive of an exemption law which selects single individuals or corporations or single articles of property, and taking them out of the class to which they belong, thus making them the object of capricious legislative favor. Such favoritism could make no pretence to equality. It would lack the semblance of legi-

timate tax legislation. *Weeks vs. City of Milwaukee,* 10 *Wis.,* 242; *Knowlton vs. Supervisors of Rock County,* 9 *Wisc.,* 410; *Lumsden vs. Cross,* 10 *Wis.,* 282.

*Oscar Wolff,* and *A. S. Niles,* (with whom was *M. R. Leverson,* on the brief,) for the appellee.

The prayer of the petition being, among other things, that the Court command the said Commissioners of Hyattsville to "cause the assessors to complete their assessment by an assessment of *the personal property* in said town," seeks to obtain an order from the Court to compel the Commissioners to compel the assessors to do what they have no power to do, a nugatory and illegal act; and as the writ, if it issues at all, must issue as prayed, no writ can issue upon this petition. *County Comm'rs of Prince George's County vs. Comm'rs of Laurel,* 51 *Md.,* 457; *Board of County School Comm'rs vs. Gantt, et al.,* 73 *Md.,* 521.

The Board of Commissioners of Hyattsville having performed their duty, having levied a tax and delivered the assessment roll and their warrant for the collection of the tax, to the treasurer, there is no further duty to be performed by them to compel which, *mandamus* will lie. *Com'rs of Pub. Schools vs. County Com'rs of Alleghany Co.,* 20 *Md.,* 449; *Colonial Life Assurance Co. vs. Board of Supervisors of New York,* 24 *Barb.,* 166; *People, ex rel. Phillips vs. Lieb,* 85 *Ill.,* 484.

The application is that the Court compel the "Commissioners of Hyattsville" to "cause the assessors" to do certain things, and to do itself what is by statute confided to the discretion, and made the duty of the "Board of Commissioners," its president, and the treasurer of the town. *Ex parte Rowland,* 104 *U. S.,* 604, 617; *Farrell vs. King,* 41 *Conn.,* 448; *State, ex rel. Kneeland vs. City of Shreveport,* 29 *La. An.,* 658; *Merrill on Mandamus,* sec. 234, and cases there cited.

The plaintiffs are not shown to be injured, and they have no standing in this Court. *Mayor and C. C. of Balto. vs. Keyser,* 72 *Md.,* 108.

The Act of 1892, ch. 285, is constitutional. It is simply the exercise by the Legislature of its constitutional right to levy taxes (or grant exemptions) with a political view.

The taxing power is a power which the Legislature possesses absolutely, except, in so far as it is restrained by the Constitution. And such power can be delegated to municipal corporations in as ample manner as it is possessed by the Legislature.

The only restriction upon the power of the Legislature is contained in the fifteenth Article of the Bill of Rights.

That Article recognizes two kinds of taxes, the first, a tax for the sole purpose of raising revenue; the second, a tax laid with other objects, or as it is expressed in the Bill of Rights, "with a political view for the good government and benefit of the community." *Tyson vs. State,* 28 *Md.,* 587.

The first named species of tax is required by that Article to be levied so that it may fall equally, as nearly as possible, upon all kinds of property.

The second species is not governed by any such limitation, and must, from the nature of the case, be entirely opposed to any such idea of equality.

The Legislature can levy a tax for political purposes as well as for revenue; (*Waters vs. State,* 1 *Gill,* 303,) it can exempt for political ends, what seems to it proper; (*Tax Cases,* 12 *Gill & John.,* 117,) and it can, if it so chooses, and plainly expresses its will, delegate these powers to any municipal corporation. (*Burgess vs. Pue,* 2 *Gill,* 11;) *Code, Art.* 81, *sec.* 4; *Daly vs. Morgan,* 69 *Md.,* 460, 467; *Buchanan vs. Co. Com'rs of Talbot Co.,* 47 *Md.,* 286, 293; *Mayor, &c. of Balto. vs. State, ex rel. Board of Police,* 15 *Md.,* 376 467; *Cooley on Taxation,* 64.

For this Court to declare a law unconstitutional, a very plain case must be presented. *State vs. Balto. & Ohio R. R.,* 12 *G. & J.,* 399, 438; *Mayor, &c., of Balto. vs. State, ex rel. Board of Police,* 15 *Md.,* 376, 453.

McSHERRY J., delivered the opinion of the Court.

By the *Act of* 1886, *ch.* 424, the General Assembly created a municipal corporation in Prince George's County, under the name of "The Commissioners of Hyattsville." The power to levy taxes for the support of the municipal government was granted to these Commissioners, but the rate was restricted to fifteen cents on the one hundred dollars of the assessed valuation of property. The taxable basis was declared to be the current assessment made or to be made for county purposes of the real and personal property located within the limits of the corporation. In 1890 the Legislature, by *ch.* 355 of the Acts passed during that session, amended that provision of the charter which related to the taxable basis, and enacted that the treasurer and two assessors should annually assess "each and every piece of land separately with the improvements thereon, *and all personal property* within said town, at a fair cash value," showing in the assessment "each piece of land and the improvements thereon separately, with the assessed value thereof, * * * * * and in the case of personal property the assessed value and the name of the owner thereof." An appeal to the Board of Commissioners by persons aggrieved by the assessment was provided for. The *Act of* 1892, *ch.* 285, purported to repeal the Act of 1890, and provided in lieu thereof, that the treasurer and assessors in 1892, and biennially thereafter, should assess each and every piece of land within said town separately, with the improvements thereon at a fair cash value, and showing each piece of land and the improvements thereon separately, with the assessed value

thereof, &c. And by the succeeding section it was declared, that the president of the Board should give public notice of the completion of the assessment; that the assessment should thereupon be open to inspection, and that if any owner of property felt aggrieved by the assessment of his property he might appeal to the Commissioners, and that "said Board of Commissioners are hereby constituted a final Board of appeals, equalization and control of said assessment, being empowered with a political view for the government and benefit of the community, to make such deductions or exception from, and addition to, the assessment made by the assessors as they may deem just, and to correct errors or illegal assessments; upon the making of the deductions or exceptions, addition, correction and final completion of the assessment roll, the Board of Commissioners shall levy a tax upon all the property remaining embraced therein, not exceeding twenty-five cents per annum, per one hundred dollars of the valuation thereof, &c."

Under this statute the land included within the taxable limits of the town was assessed at $369,709, and the improvements at $180,000. Personal property was not assessed at all. When the assessment was completed public notice was given by the president of the Board, "that any taxpayer considering himself aggrieved by said assessment may appeal to the Board of Commissioners of Hyattsville within fifteen days." After the expiration of the time named in this notice, and though no appeal had been taken by any taxpayer, the Board of Commissioners, of their own motion, struck from the assessment roll the entire valuation on improvements, and levied a tax of twenty-five cents on each one hundred dollars of the assessed value of the land. Thereupon sundry taxpayers filed a petition in the Circuit Court for Prince George's County, praying that a *mandamus* might issue to compel the Commissioners to

restore the valuation of improvements to the assessable basis, and to assess and include all personal property, and to prohibit the collection of the taxes actually levied. An answer was filed, to which a demurrer was interposed, and upon a hearing the Circuit Court overruled the demurrer and dismissed the petition for a *mandamus.* From that order this appeal was taken.

The adoption by the Board of Commissioners of Hyattsville of what is called the single tax system—that is, a system under which the whole burden of taxation is imposed upon the land, to the total exclusion of buildings, improvements and personal property—is the proceeding which caused the petitioning taxpayers to make this application to the Courts. It is obvious that the questions now brought before us are of more than ordinary interest, and are far from being of mere local importance. Apart from the preliminary inquiry as to whether a correct interpretation of *the Act of* 1892, *ch.* 285, warrants the exemption of all buildings and improvements in Hyattsville from municipal taxation; the broader one, involving the power of the Legislature under the Declaration of Rights, to impose the whole burden of taxation on one single class of property, to the exclusion of all others, is distinctly presented.

Now, the Act of 1892 was manifestly never intended to confer and does not in express terms confer upon the Board of Commissioners of Hyattsville, the authority to exempt from taxation the buildings and improvements situated within the limits of the corporation. On the contrary, it specifically directs the treasurer and assessors to assess every piece of land and every building or improvement separately—that is, to assess both land and buildings, putting upon the land a valuation and upon the building a separate valuation, precisely as the general assessment law prescribed should be done in the valuation of the same class of property for the purposes of

State and county taxation. *Act of* 1867, *ch.* 260, *sec.* 17. Upon the completion of the assessment the Board of Commissioners were authorized as "a final Board of appeals, equalization and control" to hear appeals, and "make such deductions or exception from and addition to the assessment" as they might "deem just," and to "correct errors or illegal assessments," and upon making "the deductions or exceptions, addition, correction and final completion of the assessment roll" they were empowered to levy a tax of not more than twenty-five cents on the hundred dollars "upon all the property remaining embraced in the assessment roll." These powers, except the one relating to the actual levy, are strictly confined to a *revision* of the assessment previously made by the treasurer and assessors. The property which the assessors are directed to assess is described—it is land and improvements. Both are required to be assessed and they are to be assessed for the purposes of taxation. The assessors' valuations are subject to *revision*—that is to abatement or to increase, or if improperly made for any reason, as for instance because the property is beyond or partially beyond the limits of the town, to exception or exclusion totally or ratably. But this is very different from a complete exemption of buildings and improvements from all taxation. Because the Commissioners may make deductions or exceptions from the assessors' valuations, it by no means follows that they may strike out those valuations altogether. To make deductions or exceptions from the valuations placed by the assessors on buildings and improvements implies that some part of the original valuation must remain; and does not mean that the entire assessment shall or can be expunged. Any other construction would not only lead to the greatest confusion but would, if adopted, repudiate the long and well settled doctrine that exemptions from taxation are never presumed and are only allowed when clearly

and unequivocally granted.   *Mayor, &c., of Baltimore vs. Balto. & Ohio R. R. Co.,* 6 *Gill,* 288.   It is not to be assumed in the absence of a clearly expressed intention that the Legislature designed to confer upon this Board the broad power to exempt all improvements, in the face of the explicit provision that those improvements should be assessed, and assessed with a view of being included in the taxable basis.   The possession of such a power under this Act would necessarily give to a subsequent Board the authority to reverse the policy of taxing only the land, and would permit them to exempt the land and tax only the improvements, or to tax both the land and improvements.   Thus the basis of taxation, instead of being fixed, would be subject to just such fluctuations as the caprice or the self-interest of successive Boards might suggest.   It cannot be conceded, therefore, that the Legislature ever intended to give to this municipality (even if it had had the authority to give it) a power fraught with these mischievous consequences; and inasmuch as the language employed in the statute is susceptible of an opposite construction without straining its natural meaning, that construction which denies the asserted power and avoids all conflict with established principles must be adopted.

But beyond this lies a more serious objection to the validity of the Board's proceedings.   The Declaration of Rights, Article fifteen, provides that, "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government according to his actual worth in real or personal property; yet, fines, duties or taxes may properly and justly be imposed or laid, with a political view for the good government and benefit of the community."   This provision has, with a slight but not material change of phraseology, been a part of the organic law of Maryland for considerably more than a century.   Its predominant

object is to provide by a fixed enactment equality in taxation, and to prevent, as far as possible, the burden of supporting the government from falling upon some individuals to the exclusion or exemption of others. It prohibits unjust discriminations, and whilst it remains in force the land owner, be his possessions large or small, will have an absolute and complete guarantee that public taxes cannot be imposed upon the soil alone. Buildings, improvements and personal property are, under its terms, as liable to assessment for taxation, as land. Its theory is that the distribution of the burden over every class of property alike, will lessen the proportion of each individual's contribution, whereby oppressive exactions from the owners of any particular class of property will be impossible. As those who own buildings, improvements and personal property in any of its various forms —as well intangible as tangible—are equally protected in their possessions and in their natural rights by the State and local governments with those who own the land; the support of those governments should place no heavier charge upon the one than on the other class of individuals. This has been the uniform and consistent principle always followed in Maryland. Eminently just in itself as a sound and long accepted axiom of political economy, it has been incorporated in her organic law since November the third, 1776; it has been upheld by her Courts and steadily and tenaciously adhered to by her conservative people.

But the Act of 1892, not only under the construction placed upon it by the appellee, but palpably by reason of its exemption of all personal property, attempted to overthrow this salutary principle and to disregard the fifteenth Article of the Declaration of Rights, and to substitute an experimental, if not a visionary, scheme, which if suffered to obtain a foothold will inevitably lead to ruinous consequences. By making no provision

Wells, *et al. vs.* Hyattsville.

for the assessment of personal property in the village of Hyattsville, and by confining the assessment to lands and improvements only, the Act of 1892 undertook to exempt all personal property from municipal taxation; and if the appellee's interpretation of the Act be conceded to be correct, it in like manner authorized the exemption of buildings and improvements. Thus the whole cost of conducting the municipal government in all its departments was attempted to be thrown exclusively upon the land. If the Legislature may lawfully do this in the particular instance of Hyattsville, it may do the same thing in the case of a larger and more populous municipality, and likewise with reference to a county, and if as to one county, then, too, as to every county in the State. If the assessed valuations upon buildings and improvements and upon personal property be stricken from the assessment books of the several counties, and the taxes be levied only upon the owners of the land, the burden would speedily become insufferable, and land would cease to be worth owning. Such a system would eventually destroy individual ownership in the soil, and under the guise of taxation would result in ultimate confiscation.

The wisdom of providing in the organic law against such abuses is obvious, and the provision by which the people of the State are protected against them, embodies a fundamental principle which underlies the American system of taxation.

The attempt made by the Act of 1892 to disregard the fifteenth Article of the Declaration of Rights by exempting all personal property from assessment must prove abortive, and as the Act undertakes to establish a scheme of taxation not warranted by the organic law, it must be stricken down as null and inoperative.

We are not to be understood as denying to the Legislature the power, when State policy and considerations

beneficial to the public justify it, to exempt, within reasonable limits, some species of property from taxation. A long continued practice, nearly contemporaneous in its origin with the adoption of the Constitution itself, and many adjudged and carefully considered cases decided by this Court, abundantly support that power. But a power to exempt for reasons and upon considerations which are sufficient to uphold the exemption, is not a power to nullify the Constitution of the State. Under the pretext of granting exemptions different classes of property cannot be successively stricken from the tax lists, so as to destroy the equality prescribed by the fundamental law, and eventually to reduce the taxable basis to one kind of property alone. Reducing the taxable basis to land by first excluding personal property altogether, and then excepting buildings and improvements, is a perversion and not a legitimate exercise of the conceded authority to make valid exemptions. If this be not so, then the very power to exempt might be carried to the .length contended for, and if carried that far it would effectually abrogate the fifteenth Article of the Declaration of Rights. It is not necessary for the decision of this case, nor would it be appropriate in this proceeding, to determine how far the Legislature may lawfully go in granting exemptions from taxation; it is sufficient to observe, that the most latitudinarian construction ever heretofore contended for, did not pretend to advance the position assumed by the appellee.

Nor can the Act of 1892 be upheld as one imposing a tax "with a political view," in contradistinction to one levying a tax for the support of the government. Whilst the Declaration of Rights prescribes the rule of equality in levying taxes for the support of the government, it is careful to provide that the Legislature shall not be confined to the laying of such taxes alone. Hence it declares: "Yet, fines, duties or taxes may properly and

justly be imposed or laid with a political view for the good government and benefit of the community.'' In other words, notwithstanding every person ought to contribute his just proportion of the public taxes for the support of the government according to his actual worth in real or personal property, still, *other* duties or taxes of a different kind may be imposed ''with a political view'' for the good government of the community. *Tyson, et al. vs. State,* 28 *Md.,* 577. This is not a qualification of the antecedent clause of the fifteenth Article. It is an enlargement of the power to tax. The two clauses of the fifteenth Article are not alternative, but are cumulative provisions, and consequently when public taxes are required to be raised for the support of the government, upon a taxable basis fixed by an ascertainment of property valuations, they are imposed according to the standard of equality fixed in the first clause of the Article; and this standard cannot be evaded by a mere declaration that the taxes are levied ''with a political view,'' when it is perfectly manifest that they are designed to be levied in the usual way for the support of a municipal government. The assertion that they are taxes of the one sort, when they are palpably taxes of the other class, cannot make them what they are not, nor cause them not to be what they essentially are. Taxes collected for municipal purposes are taxes imposed for the support of government, and are subject to the constitutional prohibition against inequality. *Daly vs. Morgan, et al.,* 69 *Md.,* 460. But the right to lay other taxes ''with a political view'' is not identical with a power to exempt all personal property from taxation. The right to impose other taxes is in no sense a power to exempt at all; and this broad exemption is not an exercise of the authority to levy a tax with a political view. The power to exempt is not derived from the second clause of the fifteenth Article, relating to the

laying of taxes with a political view; and the latter power can never be appealed to as a justification for the use of the former.

In our opinion, then, *the Act of* 1892, *ch.* 285, is null and void, because plainly unconstitutional in its unrestricted exemption of personal property from assessment and taxation.    And as the clause purporting to repeal *the Act of* 1890, *ch.* 355, is inseparably woven into the re-enacted substitute, and was manifestly not intended to operate as an independent provision, the Act of 1892 as an entirety must fall, and the Act of 1890 consequently still remains in force.

This brings us to the consideration of the only remaining question in the case; and that is as to the remedy. Had the application been for an injunction to restrain the collection of a tax levied under a void Act of Assembly the remedy would have been appropriate and effective. *Mayor, &c. of Baltimore vs. Gill, et al.*, 31 *Md.*, 375. But serious objections are presented in this case to the granting of the *mandamus.* The petitioner asks that the Commissioners of Hyattsville be commanded to restore to the assessment roll the valuations on improvements and buildings, and that they cause the assessors to complete the assessment by an assessment of the personal property in the town, and that they be required to levy a tax of not more than twenty-five cents on the hundred dollars.    This petition was filed on July the fourteenth, 1892, and the assessment which it sought to have corrected was the assessment required by law to be made during that year; and the taxes which it sought to have levied were taxes for the year 1892.    Now, the writ must issue as prayed, if it is issued at all; and it will never be ordered where, when issued, it would be nugatory. *State, ex rel. O'Neill vs. Register, &c.*, 59 *Md.*, 289. Should the order of the Circuit Court be now reversed and a *mandamus* be issued, it would be impossible for

the Commissioners of Hyattsville to obey the writ, and at the same time observe the provisions of *the Act of* 1890, *ch.* 355. No assessment was made of personal property during the year 1892, and both the period for making it and the period for levying the tax for that year have passed. Under the Act of 1890, which, as we have said, is still in force, the assessment and levy are required to be made annually. An assessment in 1893 cannot lawfully be made for the year 1892, nor can a levy be made in 1893 which ought to have been made the previous year. With the expiration of the year during which the assessment and levy are expressly directed to be made, the authority to make them ended. Otherwise two levies might be made in one year, and the maximum rate limited by the statute might thereby be doubled. The time fixed for making the levy is a limitation upon the power of the Commissioners to make it. *Ellicott vs. The Levy Court,* 1 *H. & J.,* 360; *Kerr vs. The State,* 3 *H. & J.,* 560; *State vs. Merryman,* 7 *H. & J.,* 79; *Comm'rs of Public Schools vs. Comm'rs of Alleghany Co.,* 20 *Md.,* 449.

There is a wide difference between the case at bar and *State, ex rel. Webster, et al. vs. County Comm'rs of Balto. Co.,* 29 *Md.,* 516, where it was held that the time designated for the doing of an act was not of the essence of the thing to be done. But here, as in the cases above referred to, the time prescribed for levying the tax was intended to be a limitation upon the power of the officers; and a *mandamus* cannot properly be issued to compel them to do that, which, by reason of the lapse of time, they now have no authority to do.

Whilst we hold that the particular relief invoked cannot under these circumstances be granted in this case, we emphatically pronounce *the Act of* 1892, *ch.* 285, absolutely void; and any attempt hereafter to make an assessment or a levy under it may be perpetually restrained by injunction.

---

The order dismissing the petition will be affirmed, only because it is now too late to direct a *mandamus* to be issued.

> *Order affirmed,*
> *with costs.*