## JACOB G. ROHR, General Manager, etc., vs. JOHN T. GRAY, Clerk, etc.

*License Taxes—Constitutional Law.*

A license required to be paid by certain classes of traders is not a direct tax on property within the first clause of Art. 15 of the Bill of Rights, but is a tax on the business of the trader under the last clause of that Article.

The Act of 1894, ch. 113, requiring traders in Baltimore City, who carry on business in two or more places not adjoining one another, to take out a separate license for each place, graded according to the amount of merchandise kept on hand, is valid.

Appeal from the Court of Common Pleas. The appellant filed a petition in said Court, alleging that he had applied to the appellee for a single license authorizing the corporation represented by the appellant to carry on business at thirteen different stores in Baltimore City, which application was refused, and the petitioner prayed for a writ of *mandamus* directing the Clerk of said Court to issue such license. The appellee relied in his answer upon the Act of 1894, ch. 113, which is set forth in the opinion of the Court. The appellant demurred to the answer, and the Court below (Phelps, J.) overruled the demurrer and dismissed the petition. The appellant then appealed by a petition assigning errors, in the nature of a petition for a writ of error.

The cause was argued before Bryan, Fowler, Briscoe, Page and Roberts, JJ.

*Howard Bryant,* for the appellant, cited: *Wailes* v. *Smith,* 76 Md. 469; *Cooley, Const. Lim.,* 481–485, 611; *State* v. *R. R. Co.,* 45 Md. 377; *Lucas* v. *Lottery Comrs.,* 11 G. & J. 506; *St. Louis* v. *Spiegel,* 75 Mo. 146; *S. C.,* 90 Mo., 593; *State* v. *C. & P. R. R. Co.,* 40 Md. 50; *Cooley on Taxation,* 169, 599; *Disrael's Appeal,* 62 Pa. St. 491; *Vansant* v.

*Harlem Stage Co.*, 59 Md. 330; *Sayre Brough* v. *Phelps*, 148 Pa. St. 488; 20 S. W., Rep. 85.

*Charles W. Field,* for the appellee, cited: *Fell* v. *State,* 42 Md. 89; *School Comrs.* v. *Allegany Co.,* 20 Md. 449; *Cooley on Taxation,* 570; *Cooley, Const. Lim.,* 479–481, 611; *State* v. *County Comrs.,* 29 Md. 516; 2 *Desty on Taxation,* 1385; 1 *Ibid,* 305; *University* v. *Williams,* 9 G. & J. 234, note (e); *State* v. *P. W. & B. R. R. Co.,* 45 Md. 376–381; *State* v. *C. & P. R. R. Co.,* 40 Md. 49–52; *Tyson* v. *State,* 28 Md. 585; *Corson* v. *State,* 57 Md. 264; *Vansant's case,* 59 Md. 330.

BRISCOE, J., delivered the opinion of the Court.

The question presented in this case arises on demurrer and involves the constitutionality of the Act of 1894, chapter 113, entitled, "An Act to add a new section to Article four, Code of Public Local Laws, title, "City of Baltimore," subtitle, "Licenses," regulating the issuing of licenses to traders occupying one or more places of business in said city." The Act provides, that "there shall be entered in writing by the Clerk of the Court of Common Pleas, upon the face of all licenses obtained by individuals, firms or corporations to conduct business as traders in the city of Baltimore, the name of the street and number of the house or building, or if there be no number a full designation of the location of said house or building for which a license is applied for; and each license shall only authorize the transaction of business in one house or building unless the individual, firm or corporation shall occupy more than one adjoining house or buildings, and said houses or buildings have open, direct, internal communication with each other; in that case one license will cover transactions in said adjoining houses or buildings so arranged and occupied; provided always, that any firm, individual or corporation may obtain any number of licenses to conduct business in any number of separate places of business in said city, upon

paying for each license a sum graded according to the amount of stock or merchandise generally kept on hand or proposed to be kept on hand at the principal season of sale in said respective places of business according to the Code of Public General Laws."

On the 27th of April, 1894, the appellant, Jacob G. Rohr, General Manager of the Consumers' Meat Company, a body corporate of the State of New Jersey, but doing business in the city of Baltimore, applied to the appellee, the Clerk of the Court of Common Pleas of Baltimore, for a single trader's license to conduct business at thirteen different, unconnected stores, alleging that the total value of all the stock and merchandise kept on hand at the principal season of sale in all thirteen of these stores, collectively, was six thousand dollars. And it was conceded at the hearing, that but for the Act of 1894, ch. 113, the clerk would have been authorized to grant the license as applied for, as provided by the Public General Laws of the State, relating to traders'. licenses.

The only question, then, in this case, is as to the validity of the Act of 1894, ch. 113. It is. insisted that the law is in conflict with that part of the 15th Article of the Bill of Rights, which declares " that every person in the State or person holding property therein ought to contribute his proportion of public taxes for the support of the government, according to his actual worth in real or personal property." This Article of our Declaration of Rights has been so often and so recently considered by this Court, that the question here raised can hardly be considered at the present time, as *res nova*. There is but one construction in the whole line of these decisions.

While it is true that every person in the State, or person holding property therein should contribute his proportion of public taxes for the support of the government according to his actual worth in real or personal property, and that all taxes levied upon property should be equal and uniform according to its actual value, yet the framers of the Constitution also declared, that in addition to taxes on

property other taxes might be levied "for the good government and benefit of the community." A license tax as laid or imposed here, is not a direct tax on property within the meaning of the first clause of the 15th Article of the Bill of Rights, but is a tax on the business or occupation of the trader or licensee, under the last clause of that Article. The power of a State, says the Supreme Court, to impose a tax, in the way of license upon pursuits and occupations within its limits, has never been seriously questioned. *License Tax Cases,* 5 Wall. 472 ; *Welton* v. *Missouri,* 91 U. S. 278.

Without stopping, then, to review the many cases where this question has been passed upon, we content ourselves with a simple reference to some of them. These clearly show that the act in question is free from the constitutional objection urged against it. *State* v. *P. W. & B. R. R. Co.,* 45 Md. 380; *State* v. *C. & P. R. R. Co.,* 40 Md. 41 ; *Tyson* v. *State,* 28 Md. 585 ; *Corson* v. *State,* 57 Md. 262 ; *Wells* v. *Coms. of Hyattsville,* 77 Md. 125 ; *Cooley on Taxation,* 570 ; 1 *Desty on Taxation,* 305 ; 2 *Desty on Taxation,* 1385; *Cooley's Const. Lim.* 616.

Being of opinion that the Act of 1894, ch. 113, is constitutional and valid, the order of the Court overruling demurrer and dismissing petition for *mandamus* will be affirmed with costs.

*Order affirmed with costs.*