# JOHN POISEL

## vs.

EDWARD O. CASH, CLERK OF THE CIRCUIT COURT FOR CARROLL COUNTY.

*"Referendum vote"*: *section 6 of Article 16 of Constitution; excluding local option question; effect of—; Chapter 340 of Acts of 1916.*

Section 6 of Article 16 of the Constitution excluding from a "referendum vote" any law or constitutional amendment "licensing, regulating, prohibiting or submitting to local option the manufacture or sale of malt or spirituous liquors * * * " was not intended as a limitation upon the general power of the General Assembly.                                             p. 375

Chapter 340 of the Acts of 1916, prohibiting the issuing of licenses, the sale of intoxicating liquors in Carroll County, and making it unlawful to sell such liquors in that County, is not in violation of section 6 of Article 16 of the Constitution.

pp. 374-375

*Decided February 16th, 1917.*

Appeal from the Circuit Court for Carroll County. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John E. Dempster,* for the appellant.

*E. O. Weant,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant applied to the Clerk of the Circuit Court for Carroll County for a license to sell intoxicating liquor in that county. The Clerk refused to receive the application and to issue the license upon the ground that the Act of 1914, Chapter 492, as amended by the Act of 1916, Chapter 340, prohibited the issuing of licenses for the sale of intoxicating liquors in Carroll County, and made it unlawful to sell intoxcating liquors in that county. Thereupon the appellant filed a petition against the Clerk for a writ of mandamus to compel him to issue the license applied for. The lower Court dismissed the petition, and the appeal before us is taken from that order. It is contended that the local option or anti-saloon law of Carroll County is unconstitutional and void. The objections, with one exception, urged against its validity are precisely the same as those presented in the case of *Crouse v. The State, ante,* p. 364, in which we sustained the validity of the Act. The new and additional ground of objection is that the Act of 1914, Chapter 492, was repealed by Article 16 of the Constitution, adopted by the people in 1915, and known as The Referendum, and that section 6 of that Article prohibited the submission to the vote of the people the Act of 1916, Chapter 340, which was submitted and adopted in accordance with the provisions of that Act. Article 16 of the Constitution authorized a referendum vote,

with certain well defined exceptions, upon "any Act, or part
of any Act, of the General Assembly of Maryland, if ap-
proved by the Governor, or if passed by the General Assem-
bly over the veto of the Governor." Section 6 provided that:
"No law or constitutional amendment licensing, regulating,
prohibiting or submitting to local option the manufacture or
sale of malt or spirituous liquors shall be referred or repealed
under any Act of the provisions of this Article."

The manifest purpose of that section was to deny a refer-
endum vote upon any Act dealing with the subjects men-
tioned in the section. It was not intended as a limitation
upon the general power of the General Assembly, and since
the decision in *Fell* v. *State,* 42 Md. 71—which is supported
by the great weight of authority in the American courts—it
can not be questioned that the General Assembly had the
power to submit the Act of 1916 to the approval of the voters
of Carroll County. We do not find a single provision in the
Act of 1914, Chapter 492, which is inconsistent with any
provision of the Referendum Amendment. Adhering to the
conclusion reached in the *Crouse Case* upon the objections
there made, and finding no merit in the additional objection
urged in this case against the validity of the Act, the order
appealed from will be affirmed.

*Order affirmed, with costs.*