MAYOR AND CITY COUNCIL OF BERLIN ET AL *v.* SAMUEL E. SHOCKLEY ET AL.
[Nos. 14, 15, April Term, 1938.]

*Decided May 18th, 1938.*

The causes were argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Emory H. Niles,* with whom were *John L. Sanford, Jr., Godfrey Child, Edmond H. Johnson,* and *John L. Sanford,* on the brief, for the appellants.

*Franklin Upshur* and *William L. Marbury, Jr.,* with whom were *G. Van Velsor Wolf* and *William L. Rawls* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The question in this case is whether a provision in an Act of Assembly, with respect to the distribution of the profits from a county dispensary of alcoholic beverages established under the act, can be submitted to vote under the Referendum Article of the State Constitution, which excepts laws regulating the sale of liquor. Constitution, art. 16. Section 1 (a) of that article reserves to the people the power to have submitted to the vote, "any Act,

or part of any Act of the General Assembly," while section 6 contains the exception that: "No law or constitutional amendment, licensing, regulating, prohibiting, or submitting to local option the manufacture or sale of malt or spirituous liquors shall be referred or repealed under any Act of the provisions of this Article."

Under these sections may the part of an act for a county dispensary of liquor be submitted?

The dispensary in Worcester County was inaugurated under the Act of the Extra Session of 1933, chapter 2, the general liquor law of the State, section 48D. In that original enactment the net profits were to be applied, first, to the meeting of any debt incurred by the Liquor Control Board set up for the management of the dispensary, and of the remainder a limited amount was to be applied to the creation of a reserve fund for working capital and losses, and the portion left was to be received by the county commissioners without restriction as to use. It is the disposition of this last portion, under amending laws, which is the subject of controversy. In 1937 the General Assembly passed two successive acts repealing and re-enacting section 48D, relating to the Worcester County dispensary. The first, chapter 175, provided that only fifty per cent. of the profits remaining after payment into the reserve fund should be paid to the county commissioners, and that the remaining fifty per cent. should be paid to the three municipal bodies in the county, the appellants, for specified uses.

The second Act of 1937, chapter 301, altered that arrangement by allotting the shares given the municipalities in proportion to the profits from sales by dispensaries in the respective towns. The whole law respecting dispensaries was repealed, with other changes, in each of the two acts, but the other changes need not be recited here. Citizens and taxpayers of the county filed petitions to initiate referendums either on the whole of the two acts of 1937, or on the parts concerning distribution of profits. It is conceded that the law as a whole could not be referred. Upon the advice of the Attorney General of

the State, the Secretary of State held that the referendums of the parts objected to, as well as of the whole, were included in the exception, and therefore refused to certify them for the vote. The Circuit Court, taking a contrary view, issued writs of mandamus to compel the referendums sought; and the appeals to this court are from the issue of the writs. The conclusion of this court, differing from that of the Circuit Court, is that the referendums on the parts of the acts would be within the exception of laws regulating the sale of liquor. The orders must therefore be reversed.

It is the opinion of this court that the excepting section withholds a law regulating the sale of liquor entirely from the purview of the referendum provisions, and that the section authorizing or reserving the power of referring an act or part of an act has no application to such a law or to any part of one. As was said of the excepting section in *Poisel v. Cash,* 130 Md. 373, 375, 100 A. 364, "The manifest purpose of that section was to deny a referendum vote upon any act dealing with the subjects mentioned in the section." Even if it should be true that the object of the framers of the article did not require for its accomplishment that such an incident as the ultimate distribution of dispensary profits should be excepted from the authority for a referendum, they sought their object by withdrawing in terms the whole of a law regulating the sale of liquor. And the court can find no warrant for cutting down excepted laws to provisions in them which deal directly with the selling transactions, or other provisions related more or less closely.

In the case of *Winebrenner v. Salmon,* 155 Md. 563, 571, 142 A. 723, 726, a case in which the whole of an excepted enactment was sought to be referred, and it was held that this could not be done, the opinion added that, if a portion of the enactment objected to "was a matter properly referable to the people, that, like any other referable matter in the act, could have been made the subject of a referendum. The referendum amendment expressly provides for the submission of 'part of any act.'"

And this is cited as a statement that part of an excepted law might be referred. But attention being directed to the question in a case on the point, the court is constrained to hold that the constitutional provision does not permit it.

An association in a single enactment of a referable law and one of the kinds excepted from the referendum, if that would be feasible without violation of the constitutional prohibition in article 3, section 29, against including more than one subject, might, perhaps, be found to leave part of an enactment referable, but not part of the excepted law. That law, with its incidents, still could not be referred. The system of sale of liquor through a public dispensary requires as a necessary incident some disposition of profits if there should be any; and the provision for it could not be regarded as unrelated and merely associated. There seems to the court to be no authority for lifting it out of the excepted law as sought in these cases.

Two questions are left unconsidered: (1) Whether, apart from the constitutional exception, the first, or any part of the first, of two successive acts, might after its repeal by the later act be referred before the later one should be invalidated on a referendum; and (2) whether, after an adverse vote on a permitted referendum of part of a law which has repealed and re-enacted the whole of a previous law on the subject, and which continues in force except as to the referred part, there would be a replacement of that part in the later law by reinstatement of a part of the repealed law dealing with the same matter. See *Stiefel v. Maryland Institute,* 61 Md. 144; *Wells v. Commrs. of Hyattsville,* 77 Md. 125, 26 A. 357; *State v. Benzinger,* 83 Md. 481, 35 A. 173; *State v. Rice,* 115 Md. 317, 80 A. 1026.

*Orders in both cases reversed, with costs.*