Motion for a new trial denied, and judgment ordered for the defendant on the verdict.

---

PEOPLE *ex rel.* GOODWIN *v.* MARTIN *et al.*

(*Supreme Court, General Term, First Department.* June 6, 1890.)

POLICE COMMISSIONERS—CERTIORARI.

 Where the police commissioners accept the voluntary resignation of a police officer, no proceedings having been instituted by them for his removal, their action cannot be inquired into on *certiorari.*

*Certiorari* to police commissioners.

Proceedings by the people, on the relation of John W. Goodwin, against James J. Martin and others, to inquire into the cause of the removal of the relator from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Ambrose H. Purdy*, for relator.    *E. H. Howke, Jr.*, for respondents.

BRADY, J.   The relator has mistaken his remedy.   He was not removed from the force by virtue of any proceeding against him by the respondents. He resigned, and, as appears from the paper which he signed, voluntarily. The respondents accepted the resignation, not as a judgment, or in a proceeding of any kind against him, but in accordance with his expressed wishes. If the charge can be made against any member of the force, whoever it may be, whether captain or sergeant, that the relator was forced to resign, that would doubtless furnish a good and sufficient reason why he should be reinstated on a proper application to the respondents for that purpose, and which, if denied, might be the subject of review in a proper proceeding; but that is not this case.   The relator has proceeded upon the theory of his removal, while in fact the respondents acted upon his resignation, presented in the usual form, and containing the usual statements, one of which was that the resignation was not caused by any threat of punishment or act of coercion from his superior officer, or any other person connected with the police department.    The writ charges the respondents with having removed the relator in a proceeding before them for that purpose; and the pleader knew, therefore, that a determination in a proceeding, and a hostile one, was necessary.   There must be a determination by a body or officer, (sections 2122, 2129, Code Civil Proc.,) and a person aggrieved by it, (section 2127.)   There is no such person, and there is no record to return, therefore.   For these reasons the writ must be dismissed.   Ordered accordingly.

VAN BRUNT, J., concurs.

DANIELS, J.   There was no determination made by the commissioners, and no case which can be reviewed by the writ of *certiorari.*   I therefore agree that the writ should be dismissed.