THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W. GOODWIN, RESPONDENT, *v.* CHARLES F. MacLEAN AND OTHERS, POLICE COMMISSIONERS OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, APPELLANTS.

*The proceedings of a body acting judicially cannot be reviewed by mandamus — resignation of a police officer.*

The proceedings of an officer or a body, acting judicially, cannot be reviewed upon an application for a *mandamus*.

A police officer of the city of New York was compelled to resign from the force by the threats of a police sergeant, and his resignation was accepted by the police commissioners of that city. Subsequently he withdrew his resignation and demanded that he be reinstated. This was refused.

*Held,* that the court could not review, on an application for a *mandamus*, the determination of the police commissioners in refusing to reinstate him.

APPEAL by Charles F. MacLean, John McClave, John R. Voorhis and James J. Martin, composing the Board of Police of the Police Department of the City of New York, from an order, entered in the office of the clerk of the city and county of New York on the 1st day of July, 1891, directing that a peremptory writ of *mandamus* issue directed to said commissioners, commanding them to reinstate the relator, John W. Goodwin, to the position which he held at the time when they accepted his resignation.

*Edward H. Hawke, Jr.,* for the appellants.

*Lewis J. Grant,* for the respondent.

Ingraham, J.:

The case of the respondent presented in these proceedings is one that appeals strongly to the sympathy of the court, and would induce us to grant him the relief asked for and affirm the order, if we could do so without violating established legal principles.

The jury having found, upon the trial of the issue raised by the return to the alternative writ, that the respondent was, on the 13th day of August, 1889, a member of the police force of the city of New York; that he did, on that day, tender to the police commissioners his resignation from the force; and that, on the 14th day of August, 1889, the police commissioners accepted such resignation at a meeting of the board; that such resignation was not obtained by any coercion, fear, duress, or force used and brought to bear upon him by the police commissioners, and was obtained from the respondent by coercion, force, fear and duress used and brought to bear upon him by his superior officer, Richard F. Magan, a sergeant of police.

The facts alleged in the alternative writ, admitted by the return, and as found by the verdict of the jury, must determine the right of the respondent to the relief which was granted by the court below.

The sergeant who obtained the resignation was not acting under the order of the appellants, but was the respondent's superior officer, and it cannot be said that the resignation was, when given, void. Assuming that it was voidable at the election of the respondent, it was only void when he elected to disaffirm it, and, until such election, the appellants were justified in acting on it. Upon the presentation of the resignation to the commissioners it was their duty to either accept or refuse to accept it, such action being required by section 273 of the consolidation act; and it having been thus presented to them, regular in form, signed by the respondent, and not repudiated by him, their action in accepting it was within the powers conferred upon them, and was legal, and the respondent ceased to be a member of the force. (See *People ex rel. Tuck* v. *French*, 108 N. Y., 109.)

Does the fact that the respondent elected to disaffirm the resignation after the board had accepted it, and thus legally terminated his connection with the force, so that he was no longer an officer of the

city, invalidate the official action so as to make the acts of the board, public officers, valid at the time of performance, invalid, and reinstate the respondent as a member of the police force? It seems to me clear that such an election does not have such an effect.

When the respondent had determined to disaffirm the resignation he could have presented the case to the board with a statement of the circumstances which induced him to sign the resignation, and a request that they would reconsider their official act in accepting his resignation. It would then have been their duty to ascertain whether the respondent had truly stated the facts, and to determine whether or not their action should be reconsidered and the respondent reinstated.

It seems that this view of the duty of the respondent was adopted by this court in the *certiorari* proceedings to review the action of the appellants in accepting the respondent's resignation, where BRADY, J., says: "If the charge can be made against any member of the force, whoever it may be, whether captain or sergeant, that the relator was forced to resign, that would doubtless furnish a good and sufficient reason why he should be reinstated on a proper application to the respondent for that purpose."

It is alleged in the alternative writ that the respondent demanded that the appellants forthwith reinstate him to said office, and that the appellants have refused, and this is not denied by the return; but the refusal of the appellants to reinstate the respondent did not have the effect of rescinding the acceptance of the resignation so as to reinstate the respondent as a police officer. It does not appear that when that demand was made the circumstances under which the resignation was executed were brought before them as a reason why he desired to be reinstated, and there is no allegation that there was any action of the board that could be reviewed by the court.

It is not alleged that the appellants have refused to entertain the respondent's application to be reinstated, but simply that they have refused to reinstate him without the presentation to them of any facts which would justify such action on their part.

It is well settled that the proceedings of an officer or body, where the acts are judicial, cannot be reviewed on an application for a *mandamus.* In the case of *People ex rel. Francis* v. *Common Council* (78 N. Y.,

39), Rapallo, J., says: " The office of the writ of *mandamus* is, in general, to compel the performance of mere ministerial acts prescribed by law.   It may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner.   It is not, like a writ of error or appeal, a remedy for erroneous decisions.   This principle applies to every case where the duty, performance of which is sought to be compelled, is, in its nature, judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed.   A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment.   The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by *mandamus*.

" Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and, though it can be compelled by *mandamus* to determine the fact, it cannot be directed to decide in a particular way, however clearly it may be made to appear what the decision ought to be."

Applying this principle to the case here presented, it was the duty of the appellants to determine whether or not they would rescind their acceptance of the resignation and reinstate the respondent. Whether they should reinstate him depended upon the circumstances under which the resignation was executed.

Their refusal to grant the demand of the respondent could not, under any circumstances, have any greater effect than a determination of the facts against him, and that determination we have no power in this proceeding to review or reverse.

It follows, therefore, that the order appealed from must be reversed and the proceedings dismissed.

Daniels, J., concurred.

Van Brunt, P. J.:

I concur in the result of Mr. Justice Ingraham's opinion.   If the proper question had been presented upon the *mandamus* proceedings, a different result might have been obtained.   If the so-called resignation was altered and added to, as is claimed by the relator, it was no resignation at all; as such alterations were fraudu-

lent and could not alter the character of the paper, and, in fact, destroyed whatever vitality it might have possessed.

The order appealed from does not follow the alternative writ; for that reason, if for no other, it should be reversed.

Order reversed and proceedings dismissed.