STATE OF CONNECTICUT EX REL. JOHN P. PINKERMAN *vs.* JOHN A. RUSLING ET AL., POLICE COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The police commissioners of the city of Bridgeport were authorized by the city charter to remove any officer or member of the police department "for cause," of which they were made the "sole judges." *Held* that their discretion in the matter of removals was supreme and not subject to control by mandamus.

The relator, a captain of police in said city, was charged with disobedience to his superior officer, and with conduct prejudicial to the harmony of the force, and was, after notice and hearing, found guilty and removed from his office by the board of police commissioners. *Held* that the board acted not only within its authority, but also with a due regard to the rights of the relator.

[Argued June 7th—decided July 9th, 1894.]

APPLICATION for a writ of mandamus requiring the respondents, as the board of police commissioners of the city of Bridgeport, to restore the relator to the office of captain of police, from which office it was alleged he had been wrongfully dismissed by said board; brought to the Superior Court in Fairfield County and tried by the court, *Thayer, J.*, upon the respondents' motion to quash the application; the court granted the motion, dismissed the application and rendered judgment for the respondents, and the

relator appealed for alleged errors of the court in its rulings on said motion. *No error.*

The case is fully stated in the opinion.

*Goodwin Stoddard,* with whom was *Jacob B. Klein,* for the appellant (the relator).

I. Where an intention on the part of a municipal board not to perform a public duty is manifested, no previous demand is necessary in order to entitle the plaintiff to a peremptory writ. *Palmer* v. *Stacy,* 44 Iowa, 340; *State* v. *Rahway, etc.,* 33 N. J. L., 111; *Atty. Gen.* v. *Boston, etc.,* 123 Mass., 477; *Cleveland* v. *The Board, etc.,* 38 N. J. L., 259; *Northern R. R. Co.* v. *Duston,* 142 U. S., 508; *Commonwealth* v. *Commissioners, etc.,* 37 Pa. St., 237; *King* v. *Brecknock, etc.,* 3 A. & E., 217–222, 30 E. C. L. R., 170.

II. Where one has been deprived of an office by the illegal appointment of another, mandamus will issue to effect his restoration, even though such appointee be in possession *de facto.* Spelling on Extraordinary Relief, § 1576; High on Extraordinary Remedies, § 67; Angell & Ames on Corporations, p. 750; *Metsker* v. *Neally,* 41 Kan., 122; *State* v. *Common Council,* 9 Wis., 254; *Rex* v. *Barker,* 3 Burr., 1256; *Howard* v. *Gage,* 6 Mass., 461; *In re Strong,* 37 Mass., 484; *St. Louis, etc.,* v. *Park,* 10 Mo., 118; *Commonwealth* v. *Guardian, etc.,* 6 Serg. & R., 468; *Milligan* v. *City Council,* 54 Tex., 388; *Ex parte Wylly,* 54 Ala., 226; Dillon, Municipal Corporations, 248; *Fuller* v. *Trustees, etc.,* 6 Conn., 582.

III. Section 58 of the city charter provides that officers and members of the police department shall hold their positions until removed or expelled by the board of police commissioners "for cause." These words, "for cause," distinguish this case from those of unrestrained and uncontrolled discretion. Police officers were to remain in office until they had been fairly and judicially determined to be unsuitable persons. This is the true meaning of the limitation placed upon the general power of removal by the use of "for cause." *People, etc.,* v. *Fire Commissioners,* 72 N. Y., 444; *Ex parte*

*Ramshay*, 18 A. & E. (N. S.), 173; *State* v. *McGarry*, 21 Wis., 503.   See also Spelling, Extraordinary Relief, § 1557; High on Extraordinary Remedies, § 69; Dillon, Municipal Corporations, § 255; *Fuller* v. *Plainfield*, 6 Conn., 532.

*Howard H. Knapp*, for the appellees (respondents).

I.  This proceeding must fail because the board of police commissioners of the city of Bridgeport are, by the charter, made the sole and exclusive judges of the times and occasions when members of the police department of the city of Bridgeport should be removed; and whenever in their judgment it is for the best interests of the city, then it is their duty to remove any officer or member of the department; and whenever that judgment and discretion is exercised it cannot be required to be exercised in a different way by the court.   Throop on Public Officers, § 822, p. 786. See also §§ 394, 396, 398.   Spelling on Extraordinary Relief, Vol. 2, pp. 1134, 1189; High on Extraordinary Remedies, § 24, § 42, § 325; Beach on Public Corporations, Vol. 2, Chap. 37; Dillon on Municipal Corporations, Vol. 1, p. 333, Vol. 2, p. 1014; Meachem on Public Officers, § 454; Paine on Elections, § 721.   In the late case of *State* v. *Staub*, 61 Conn., 553, the court said: " Whenever any public officer, however humble, is intrusted with power, in the exercise of which he may use discretion, in respect to such exercise he cannot be controlled by mandamus."   See also *Insurance Co.* v. *Tyler*, 60 Conn., 459; *Seymour* v. *Ely*, 37 id., 107; *Pond* v. *Parrott*, 42 id., 16; *Sweeney* v. *Stevens*, 46 N. J. L., 344; *State* v. *Board Fire Commissioners*, 26 Ohio, 24; *Attorney General* v. *Brown*, 1 Wis., 442; *Smith* v. *Brown*, 59 Cal., 672; *State ex rel. O'Neil* v. *Fire Commissioners*, 59 Md., 283; *State* v. *Doherty*, 28 La., 119; *Kennedy* v. *McGarry*, 21 Wis., 496; *People* v.*Stout*, 11 Abb. Pr. (N. Y.), 17; *People ex rel. Westray* v. *Mayor of New York*, 16 Hun, 309, and 82 N. Y., 491; *People* v. *Robb*, 126 N. Y., 180; *People* v. *Whitlock*, 92 id., 191; *People ex rel. Masterson* v. *French*, 110 id., 499; *People ex rel. Weston* v. *McClave*, 123 id., 512; *People* v. *Baerfield*, 35 Barb., 254; *People ex rel. Sims* v. *Fire Com-*

*missioners*, 73 N. Y., 437 ; *Williams* v. *City of Gloucester*, 148 Mass., 256 ; *O'Dowd* v. *Boston*, 149 id., 443 ; *McAuliffe* v. *New Bedford*, 155 id., 216 ; *Carter* v. *City Council*, 16 Colo., 534; *State ex rel. Capen* v. *Somers*, (Neb.) 39 Amer. and Eng. Corp. Cases, p. 466 ; *People* v. *Hill*, 9 Cal., 97 ; *Keenan* v. *Perry*, 24 Texas, 253 ; *In re Hennen*, 13 Peters, 230 ; *People ex rel. Wooster* v. *Maher*, 141 N. Y., 337.

II. But assuming that it were possible to give such a construction to the city charter as to authorize the trial court to review the action of the board of police commissioners, the record shows that the relator was charged with, and after due hearing was found guilty of, such a violation of duty as fully justified his removal. In the case of *Ackerly* v. *Jersey City*, 54 N. J. Law, 310, it is said that even where " an officer may not be discharged without good cause shown," yet the court on proceedings to restore him, " will not weigh the evidence, and if there can be conceived a reasonable theory which might have led the commissioners to a different conclusion, they cannot reverse the finding." See also *Poe* v. *State*, (Texas) 10 S. W. Rep., 737.

III. It does not appear from the allegations of the application that the relator was entitled by right to the office to which he claims to be restored, or that the office was vacant. High on Extraordinary Remedies, § 10 ; Beach on Public Corporations, Vol. 2, § 1559 ; *Peck* v. *Booth*, 42 Conn., 274 ; *Toby* v. *Hakes*, 54 id., 274 ; *Cheesboro* v. *Babcock*, 59 id., 218 ; *Holley* v. *Torrington*, 63 id., 432 ; *Frey* v. *Moody*, 68 Mich., 323. Mandamus will not lie to determine the title of an incumbent to an office the functions of which he is exercising as an officer *de facto*. *Duane* v. *McDonald*, 41 Conn., 517 ; *Harrison* v. *Simonds*, 44 id., 318 ; *Hinckley* v. *Breen*, 55 id., 120 ; *State ex rel. Morris* v. *Bulkeley*, 61 id., 376 ; *Sargent* v. *Gorman*, 131 N. Y., 191 ; *State* v. *Atlantic City*, 52 N. J. Law, 332 ; *French* v. *Cowan*, 79 Me., 426, citing with approval case of *Duane* v. *McDonald*, *supra ; Delahanty* v. *Warner*, 75 Ill., 186 ; *Swartz* v. *Large*, 47 Kan., 304 ; *Bonner* v. *State*, 7 Ga., 473.

IV. The first reason alleged in the motion to quash; to

wit: that the application did not show any demand by the relator and refusal by the respondents, was sufficient. High on Extraordinary Remedies, § 13 ; *United States* v. *Boutwell*, 17 Wall., 607 ; Tapping on Mandamus, p. 283 ; Short on Mandamus, p. 267.

ANDREWS, C. J. This was an application to the Superior Court in Fairfield County, praying that a writ of peremptory mandamus be issued commanding the defendants, the board of police commissioners for the city of Bridgeport, to restore the relator to the office of captain of police in the said city.

The application was, by the consent of all parties, treated as the alternative writ. Service was made, the parties appeared in court, and the defendants moved that the writ be quashed. That motion was granted and the relator appealed.

The facts are these :—

Prior to the 25th day of June, 1892, the relator was captain of police in the said city. On that day he was removed from that office by the defendant board after due hearing with witnesses and counsel, by a notice in writing to the city clerk of said city, the record of which is as follows :

" Whereas, John P. Pinkerman, captain of the police force of the city of Bridgeport, did on the 12th day of June, 1891, neglect and refuse to obey orders of his superior officer, John Rylands, chief of police, by assigning officer John Murphy to duty as a policeman, contrary to the explicit orders of said Rylands ; and

" Whereas, said Pinkerman, captain of the police force of the city of Bridgeport, since the 6th day of April, 1892, has continued to keep alive the litigation in the courts against the chief of police, and is now maintaining and urging said litigation and threatens to continue said litigation in the future, in spite of decisions of the Superior Court adverse to his claim ; and

" Whereas, the conduct of the said Pinkerman in waging legal warfare with his superior officer has stirred up strife

and contention, and interfered with the harmonious working of the police force ; and

" Whereas, it is necessary and desirable that the entire force should act in unison for the best interests of the city ; now therefore,

" Resolved, that inasmuch as the conduct of the said Pinkerman has been prejudicial to the best interests of the city and the cause of much strife and contention among the force, it is unwise and inexpedient that he should be retained in his present office.

" Resolved, that the said John P. Pinkerman be and he is hereby dismissed from the police force of the city of Bridgeport.

" Attest, Charles C. Wilson,

" Clerk of the Board of Police Commissioners."

The charter of the city of Bridgeport contains the following section :—

" Sec. 58. The police commissioners of said city of Bridgeport shall have the sole power of appointment and removal of officers and members of the police department of said city of Bridgeport ; and it shall be the duty of the said board of police commissioners to appoint suitable persons to fill the offices of said police department, and other suitable persons as members of said police department, and to suspend, remove, or expel any officer or member from office or membership in said department whenever, in the judgment of said commissioners, such suspension, removal, or expulsion shall be for the best interests of the city ; and whenever any person shall be appointed an officer or member of said police department, or whenever any officer or member of said police department shall be suspended, removed, or expelled from his office or membership in said department, it shall be the duty of the said board of police commissioners to give a written notice, within a reasonable time, to the city clerk of said city of Bridgeport of such appointment, suspension, removal, or expulsion. The present police force of said city of Bridgeport shall hold their respective offices, unless previously suspended, removed, or expelled, until others are appointed

in their stead; and every officer or member of said police department shall hold his office and membership in said department until removed or expelled by said board of police commissioners for cause, of which said board of police commissioners shall be the sole judges. Nothing contained in this section shall be so construed as to prevent the common council of said city of Bridgeport from increasing or reducing the members of the police force of said city, or creating new offices in said police department; and in case the common council of said city shall vote to reduce the police force of said city, the board of police commissioners shall remove a sufficient number of the officers and members of said police force to conform to the vote of said common council."

Several reasons are assigned by the defendants why their motion to quash the writ should be granted, the third of which is this:—

" Third. Because it appears from the allegations of said application and by the charter of said city of Bridgeport, to which reference is therein made, that these respondents, police commissioners of said city of Bridgeport, are vested with the sole power of appointment and removal of officers and members of the police department of said city, and that it is their duty, whenever in their judgment, it shall be for the best interests of said city, that any officer or member of said police department shall be removed, to remove him, and that said police commissioners shall be the sole judges of the cause for which any officer or member of said department may be removed; and it appears from the allegations of said application, that these respondents, police commissioners, as aforesaid, in the exercise of the judgment and discretion thus vested in them, have, after hearing said relator, together with his witnesses and counsel, removed this relator from the office of captain of police of said city, which discretion, so vested in these respondents, this relator seeks to control by said alternative writ of mandamus."

The defendants insist that the board of police commissioners of the city of Bridgeport, of which they are the members, is vested with a supreme and uncontrolled discretion in the

matter of removals from the police force of that city. The relator concedes that if they have such supreme discretion their action cannot be controlled by a writ of mandamus. That such is the law would seem to be beyond controversy. It is so stated by the text writers and in the decisions of courts, so far as we are informed, with entire uniformity. *American Casualty Ins. Co.* v. *Flyer*, 60 Conn., 448; *State* v. *Staub*, 61 Conn., 567; *Freeman* v. *Selectmen of New Haven*, 34 Conn., 406.

But the relator claims that the defendant board does not possess such supreme and uncontrolled discretion in the matter of removals. He claims that the board can remove only for " cause " and that " cause " means " sufficient cause ; " and that to warrant his removal the cause must be something personal to himself, which renders him an unsuitable person to retain the position.

We cannot agree with the relator in his argument. The cases cited by his counsel, and the only ones on which they seem to rely, do not support his claim. These cases are *People* v. *The Fire Commissioners*, 72 N. Y., 445, and *State* v. *McGarry*, 21 Wisconsin, 496. These cases were on charters containing quite different provisions from the charter of Bridgeport. In the first case the relator Joseph H. Munday, was a regular clerk in the fire department in the city of New York, and had been removed from that position by the fire commissioners, without giving him any notice of the cause of his removal. The charter of that city gave the general power of removal of clerks and employees of the fire department to the board of fire commissioners. But that power was limited by declaring that it " cannot be exercised in respect to any regular clerk * * * until he had been informed of the cause of the proposed removal, and has had an opportunity of making an explanation ; " and it was held that the board of fire commissioners had exceeded their authority. The case from Wisconsin was this : The law of that State empowered the board of supervisors of a county to remove certain officers for " incompetency, improper conduct, or other cause *satisfactory* to the board." All that was decided was that " other cause " must be " other kindred

cause." *Ex parte Ramshay*, 18 A. & E. (N. S.), 175, is not applicable, because in this case the defendants did give the relator notice and an opportunity to be heard with witnesses and by connsel.

Besides, we are clearly of the opinion that the legislature has given to this board of police commissioners the supreme and absolute power of removals from, as well as appointments to, the police force of the city of Bridgeport as fully as language can be used to confer such power, and to be used at discretion. In the first place, in the section of the charter above recited, this board is given the sole power of appointment and removal of officers and members of the police force of that city. Then it is made the duty of the defendant board to suspend, remove, or expel any officer or member of the police, whenever in the judgment of said commissioners, such suspension, removal, or expulsion shall be for the best interests of the city; and finally that the members of the police force shall remain in office until removed or expelled by the defendant board for cause, of which cause the said board *shall be the sole judges. State ex rel. N. Y. & N. E. R. R. Co.* v. *The Asylum Street Bridge Commission*, 63 Conn., 91.

But the case does not require the application of any extreme or rigorous rule. It comes fairly within the very rule invoked by the relator. The statement shows that the defendant board did give notice to the relator of the charges against him, and appointed a time for him to appear and be heard. He appeared and was heard with his witnesses and by counsel. The board after that hearing found him guilty of disobedience to his superior officer, and of such conduct as caused strife and a want of harmony among the police force, and that it was for the best interest of the city that he be removed from the office which he held. Then they did remove him. It seems to the court that they acted not only within their authority but with a due regard to the rights of the relator.

There is no error.

In this opinion the other judges concurred.