(110 App. Div. 894)

### PEOPLE ex rel. HANRAHAN v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

MANDAMUS—DISMISSAL OF POLICE OFFICER.

    Mandamus does not lie to compel the reinstatement of a police officer dismissed after a trial on charges, though there were errors in the trial, but not so grave as to make it appear that the dismissal was not the result of a judicial act, and though his suspension pending the trial was illegal; the remedy being certiorari.

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Daniel E. Hanrahan, against William McAdoo, as police commissioner of the city of New York, to compel respondent to reinstate relator as a member of the police force, with rank of patrolman. From an order denying a motion for a peremptory writ of mandamus, relator appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Ernest L. Crandall, for appellant.
James D. Bell, for respondent.

PER CURIAM. We think that the relator has mistaken his remedy. If, as the record shows, he was convicted after a trial upon charges, he cannot in effect review that determination and annul it by mandamus, but he must resort to certiorari. People ex rel. Goodwin v. MacLean, 62 Hun, 42, 16 N. Y. Supp. 401. This rule is not affected by the number or the gravity of the errors which may be assigned to the trial and the procedure thereof, so long as it appears that the dismissal complained of was the result of a judicial act. The relator cannot, by allegation that his suspension pending the charges and their determination was illegal, be restored to the force by mandamus, inasmuch as he was removed therefrom by judicial proceedings subsequent to the suspension. It may be, that if he was suspended without pay, illegally, as he contends, he would have a right to recover his salary during the period of suspension until his dismissal after trial, on the ground that it was an incident to his office.

We are constrained to affirm the order, with $10 costs and disbursements, solely upon the ground indicated.