STATE, EX REL. JULIAN, *v.* BOARD OF METROPOLITAN
POLICE COMMISSIONERS OF THE CITY
OF LOGANSPORT.

[No. 20,973.  Filed December 13, 1907.  Rehearing denied February 26, 1908.]

1.  MANDAMUS.—*Return.—Motion to Strike Out.—Clerical Error.—Amendments.*—A motion to strike out a paragraph of return because such paragraph denied the allegations of the "petition" instead of the "writ," should be overruled, since it was a mere clerical error, amendable as a matter of right, and could not affect the substantial rights of the parties. p. 136.

2.  PLEADING. —*Answer.—Supplemental.—Discretion.—Appeal.*—The action of the trial court in permitting the filing of a supplemental answer showing facts occurring after the filing of the original answer, in the absence of a showing of an abuse of discretion, will not be disturbed on appeal. p. 136.

3.  SAME.—*Answer.—Mandamus.—Discharge of Policeman.—Specifications of Charges of Misconduct.*—In an action to mandate a board of police commissioners to reinstate a policeman, it is not proper to require such board to set out in its return the specific charges of misconduct on which such policeman was tried and discharged. p. 136.

4.  MUNICIPAL CORPORATIONS.—*Police.—Misconduct. — Trial. — Collateral Attack.*—The judgment of a board of police commissioners having jurisdiction of the person of a policeman and of charges against him, is not open to review by the courts. p. 136.

5.  PLEADING.—*Supplemental Answer.—Demurrer Thereto.*—A demurrer addressed to a supplemental answer raises no question, since such answer constitutes but a part of the original answer, and is not distinct therefrom. p. 137.

6.  MANDAMUS.—*Another Action Pending.—Police.—Trial of, for Misconduct.*—Mandamus does not ordinarily lie to compel the reinstatement of a policeman, where charges of misconduct have been filed against him, and he has been suspended, according to rules, to await the result of such trial, a policeman being under the duty of obeying the rules. p. 137.

7. MUNICIPAL CORPORATIONS.—*Police Commissioners.—Policemen.—Misconduct.*—Boards of police commissioners have the right (§9034 Burns 1908, Acts 1907, p. 284) to determine charges of misconduct, filed against their policemen. p. 138.

8. PLEADING.—*Supplemental Answer.—Police Commissioners.—Discharge of Policeman.*—In an action in mandamus to compel the board of police commissioners to reinstate a policeman, a supplemental answer showing that the charges of misconduct mentioned in the original answer had been determined, and the policeman discharged, is proper, and, with the original answer, shows a complete defense. p. 138.

9. EVIDENCE.—*Proceedings Before Police Commissioners.—Policemen.—Misconduct.*—In an action in mandate to compel the board of police commissioners to reinstate a policeman, the proceedings before such board at the trial of such policeman on charges of misconduct, are admissible in evidence in whole or in part. p. 139.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the State of Indiana, on the relation of Jesse C. Julian, against the Board of Metropolitan Police Commissioners of the City of Logansport. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Frank V. Guthrie,* for appellant.
*Dyer B. McConnell* and *G. W. Funk,* for appellee.

MONTGOMERY, J.—An alternative writ of mandate was issued by the lower court requiring appellee to show cause why the relator, Jesse C. Julian, should not be reinstated as a patrolman of the metropolitan police force of the city of Logansport. The writ alleged that the relator had been appointed to the office of patrolman on May 30, 1903, to serve during good behavior and until lawfully removed; that, under the rules adopted by appellee in pursuance of law, relator could only be suspended or removed from office after a public trial upon a verified complaint in writing, of which he must have had at least three days' notice; that on November 27, 1905, without complaint, notice or hearing, appellee wrongfully suspended and removed relator from office; that the office is of the value of $60 per month, and he has demanded and has been refused reinstatement. Ap-

pellee made its return or answer in two paragraphs, the first being a general denial. The second paragraph alleged that relator had at no time been discharged from the police force, but that on November 27, 1905, he was notified by the board, which was then in session, that the written report of an officer had been received, which, if true, showed gross neglect of duty on the part of relator. When this report was read to the relator, he demanded a trial, and was advised that written charges would be preferred, and a time of hearing was fixed by agreement. Thereupon he was suspended by Captain Foley pursuant to a rule of the board, pleaded and fully set forth. Charges in writing were duly filed against relator, and, although appellee has used due diligence to bring such charges to trial, the same are still pending and undetermined. Relator unsuccessfully moved to strike out the first paragraph, and demurred on the ground of insufficient facts to the second paragraph of said answer, then replied to the second in denial. Appellee at a later date and before the day of trial filed a supplemental answer alleging, in substance: That since the issuance of the alternative writ the relator had been duly charged in writing with neglect of duty, and, more than three days prior to the date of hearing, had been notified of the filing of, and of the time and place of hearing, such charge; that after a hearing of evidence upon said charge, in pursuance of such notice, the board of police commissioners found relator guilty of gross neglect of duty, as charged, and thereupon dismissed him from the metropolitan police force of the city of Logansport. The relator successively filed motions to strike out, and to make more specific this supplemental answer, and a demurrer to the same for want of facts, all of which, in consecutive order, were overruled. The cause was tried by the court, and a finding and judgment entered in favor of appellee. Appellant's motion for a new trial was overruled.

Appellant has assigned as error the overruling of the de-

murrers to the second paragraph of answer, and to the supplemental answer, and the motions to strike out the first paragraph of answer, and the supplemental answer, to require the supplemental answer to be made more specific, and for a new trial.

The reason suggested for striking out the first paragraph of return is that it denies the allegations of the petition instead of the writ. This was manifestly a mere

1. clerical inaccuracy, which might be amended as a matter of course, and the use of the word "petition" instead of "writ" could not affect the substantial rights of the relator, and will be disregarded. 1 Thornton's Civil Code, §173.

Supplemental pleadings, showing facts which occurred after the former pleadings were filed, are authorized by §408 Burns 1908, §399 R. S. 1881, and may be al-

2. lowed in the discretion of the court. *Kimble* v. *Seal* (1883), 92 Ind. 276; *Pouder* v. *Tate* (1892), 132 Ind. 327. No showing of an abuse of discretion in receiving appellee's supplemental answer is made, or is apparent to us, and the court rightly overruled appellant's motion to reject the same.

The relator requested the court to require appellee to state, in the supplemental answer, the facts, how, when and where he neglected his duty as patrolman, and to

3. set out therein a copy of the proceedings whereby relator was removed and discharged from office. This motion, if granted, could subserve no useful purpose, and was manifestly improper. If the charge filed with the board lacked certainty, the relator by proper and timely application to that tribunal might have had the same made more specific; but cannot justly complain of such uncertainty in this collateral proceeding. The board is shown to have had jurisdiction over the subject-matter and of the

4. person of the relator, and its decision was final, and could not have been reëxamined in this action, and

State, ex rel., *v.* Board, etc.—170 Ind. 133.

the motion to make the supplemental answer more specific was correctly overruled.

The supplemental answer was not intended and pleaded as an independent defense, but merely to supplement the second paragraph of answer already on file, by showing that since the filing of the original return the proceeding therein alleged to be pending, had been brought to a final hearing, resulting in the conviction and dismissal of the relator. The original paragraph, together with the supplemental facts, must be considered as constituting the second paragraph of answer, and a demurrer addressed to the supplemental pleading alone would not lie, and for that reason appellant's demurrer was properly overruled. *Morey* v. *Ball* (1883), 90 Ind. 450; *Derry* v. *Derry* (1884), 98 Ind. 319; *Farris* v. *Jones* (1887), 112 Ind. 498; *Peters* v. *Banta* (1889), 120 Ind. 416; *Lewis* v. *Rowland* (1892), 131 Ind. 37.

The second paragraph of answer alleged facts showing that relator had been temporarily suspended pending a hearing upon charges of neglect of duty, which had been postponed from time to time, and had not been finally determined. When he accepted employment on the police force he thereby agreed to be governed by such rules and regulations as were then in force and might thereafter be lawfully adopted by the board. His temporary suspension was made in pursuance of one of these rules; and the propriety of such a police regulation is so apparent as to need no justification. Accepting the office he was obligated to submit to trial by the board, upon proper written charges of official misconduct or neglect of duty, of which he should have the prescribed notice. It appears from this paragraph of the answer that a proceeding had been duly instituted before the board and was still pending to determine the propriety of reinstating relator as a patrolman. The pendency of another proceeding involving the same question will, as a general rule, preclude the issuance

of a mandamus, unless it will be ineffective, or the other tribunal is without jurisdiction. 26 Cyc. Law and Proc., 184, and cases cited; 13 Ency. Pl. and Pr., 728; *State, ex rel., v. Rusling* (1894), 64 Conn. 517, 30 Atl. 758; *People, ex rel., v. Board, etc.* (1872), 43 How. Prac. (N. Y.) 385; *People, ex rel., v. McLean* (1891), 62 Hun 42, 16 N. Y. Supp. 401.

The statutory tribunal was expressly clothed with the power which it alleges it was exercising in a regular way, and this paragraph of answer was sufficient. See *Stone v. Fritts* (1907), 169 Ind. 361.

It was made to appear from the supplemental answer that since the issuance of the alternative writ the relator had been given a hearing upon formal charges, of which he had proper notice, and, being found guilty of gross neglect of duty, he had been dismissed from the service by appellee. It was fit that appellee should plead in its return and rely upon facts which occurred since the issuance of the writ. *State, ex rel., v. Weeks* (1887), 93 Mo. 499, 6 S. W. 288; *People, ex rel., v. Commissioners, etc.* (1873), 1 Thomp. & Cook (N. Y.) 193; *Sights v. Yarnalls* (1855), 12 Gratt. (Va.) 292; *State, ex rel., v. Board, etc.* (1894), 88 Wis. 355, 60 N. W. 266; *State, ex rel., v. McCullough* (1867), 3 Nev. 202. A mandate will never issue to control the judgment or discretion of an inferior tribunal in a matter over which it has full jurisdiction. *State, ex rel., v. Board, etc.* (1874), 45 Ind. 501; *Holliday v. Henderson* (1879), 67 Ind. 103; *State, ex rel., v. Demaree* (1881), 80 Ind. 519; *State, ex rel., v. Board, etc.* (1890), 125 Ind. 247. The board having legally discharged the relator from office as alleged, the propriety of issuing a peremptory writ for his restoration no longer existed. *State, ex rel., v. Board, etc.* (1904), 162 Ind. 580; *State, ex rel., v. Indianapolis Gas Co.* (1904), 163 Ind. 48.

The evidence fully sustained the allegations of the affirmative paragraph of answer, and there was no error in the

admission of any part of the proceedings of the board
9. relating to the charges against relator. The motion
for a new trial was rightly overruled.

The judgment is affirmed.