STATE of MARYLAND, Ex relatione JOHN V. P.
O'NEILL *vs.* SAMUEL W. REGISTER, and others,
Fire Commissioners of the City of Baltimore.

*Fire Department of Baltimore City—Sections 3 and 5, of Article
20, of the Baltimore City Code of 1879—Exclusive power of
the Fire Commissioners to make certain Appointments in their
Department, and to Remove the appointees—When Manda-
mus will not lie at the instance of a Party removed from
Office—Remedy of party Removed—Responsibility of the
Fire Commissioners in respect of the party Removed.*

By section 3, of Article 20, of the Baltimore City Code of 1879, it is
provided that the "Fire Commissioners shall have the appoint-
ment of, and entire control over, all other employés, and property
of the Fire Department." And the fifth section of the same Arti-
cle is as follows: "The Fire Department of the City of Baltimore,
shall consist of five commissioners, one chief engineer, two assist-
ant engineers, one clerk, seven engine companies, each consisting
of one foreman, one engineman, one assistant engineman, one
hostler, and eight firemen; and two hook and ladder companies,
each consisting of one foreman, one tillerman, one hostler, and ten
laddermen, all of whom shall be of good character, and except
those especially provided for in this ordinance, shall be appointed
by the Fire Commissioners, and shall be entitled to retain their
respective positions for such time as they evince willingness and
capacity to discharge the duties pertaining thereto efficiently,
harmoniously with their associates, and satisfactorily to the Fire
Commissioners; said employés shall not be subject to removal on
account of any political, religious or other sentiments entertained
by them, so long as said opinion or sentiment does not interfere
with the faithful and efficient discharge of their respective duties
as employés of the Fire Department." On the 29th of November,
1878, O. was appointed by the Board of Fire Commissioners as
foreman of an Engine Company in the Fire Department of Balti-
more City, the appointment to take effect on the 2nd of December
following. This position he held under successive re-appointments
until the 21st of October, 1881, when he was dismissed by order of

State, Ex rel. O'Neill *vs.* Register, *et al.* Fire Comm'rs of Baltimore.

the Board for disrespect to his superior officer. On the 21st of April, 1882, O. applied for a *mandamus* to compel the Board of Fire Commissioners, to restore him to his place, and to pay him the salary thereof. HELD:

1st. That under the foregoing fifth section, the Fire Commissioners were solely invested with the power of determining whether their appointees were persons of good character, as by law required to be, whether they were efficient in the service, and whether they evinced proper willingness to discharge their duty "harmoniously with their associates;" and the judgment and discretion exercised in the matter by the Fire Commissioners are not subject to the revision of another tribunal.

2nd. That when the power of removal from office rests, by statute, in the discretion of any person, or body of persons, or depends upon the exercise of personal judgment as to whether the cause for removal be sufficiently good, *mandamus* will not lie.

3rd. That if the party removed has been illegally discharged from the service of the Fire Commissioners, and has not been paid his salary, his remedy is at law; and if the Fire Commissioners wilfully, maliciously or dishonestly exercised their power to remove him, they are answerable for their corrupt action.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Charles J. Bonaparte*, and *William Reynolds*, for the appellant.

*Thomas W. Hall, City Solicitor*, and *John P. Poe, City Counsellor*, for the appellees.

IRVING, J., delivered the opinion of the Court.

On the 2nd of December, 1878, the relator was appointed by the Fire Commissioners, foreman of an engine

State, Ex rel. O'Neill *vs.* Register, *et al.* Fire Comm'rs of Baltimore.

company in the Fire Department of Baltimore City. This position he held under successive re-appointments, in accordance with the practice of the Fire Commissioners, until October 21st, 1881, when he received notice of dismissal "from the service of the department for disrespect to your superior officer." Upon the 21st of April, 1882, the relator filed his petition in the Court of Common Pleas of Baltimore City, for a *mandamus* upon the Fire Commissioners of Baltimore to restore him to his place, and to pay him the salary thereof.

The petition, in substance, charges that the petitioner has been unlawfully discharged, without notice of any accusation against him, or any investigation by the Fire Commissioners; that he had been guilty of no disrespect to his superior officers; that he never had been tried, or had opportunity of defence; and that his discharge was for political sentiments entertained by him, and other opinions entertained, to wit, "that divers of the Fire Commissioners were unworthy of their offices, and unfit to discharge their duties, by reason of certain facts to him personally known."

The answer admits the appointment of the relator, and alleges his appointment in the spring of each year, in accordance with the practice of the department since its re-organization in 1868, and his dismissal, as charged in the petition, for "disrespect to his superior officer," wherein they claim to have acted in strict conformity with the ordinances of the Mayor and City Council, and in nowise transgressed the discretion vested in them by such ordinances. The answer denies that the removal was because of political, religious or other sentiments entertained by the relator which did not interfere with the faithful and efficient discharge of his duties as an employé of the Fire Department.

The respondents deny that there is any law or ordinance entitling the relator to hold his place against the

State, Ex rel. O'Neill *vs.* Register, *et al.* Fire Comm'rs of Baltimore.

judgment and consent of the Fire Commissioners; and deny that they are not the sole judges "of his willingness, capacity and efficiency to discharge his duties" to their satisfaction; which judgment has been evidenced by his dismissal from the service; and they insist, that the sentiments expressed in the petition and reflecting upon the respondents, furnish evidence of lack of willingness to discharge his duties harmoniously and satisfactorily.

The answer also charges that when this petition was filed the full term of one year for which petitioner was appointed in March, 1881, had expired and another person had been appointed, and was then filling the position.

To this answer the relator pleaded in substance,

1. That his original appointment could not be limited in duration by any practice of annual election.

2. Denies that the Commissioners have not transcended the power and discretion vested in them by the ordinance.

3. He joins issue on the denial that he was removed for political or religious opinions, &c.

4. He joins issue on the denial, that there is any law or ordinance entitling him as matter of right to retain his position against the judgment of the Fire Commissioners.

5. He denies that any allegations of his petition furnish evidence of his unwillingness satisfactorily and with due respect to superiors in office, to discharge his duties.

6. He denies that his full term had expired, or that there has been any vacancy or appointment thereto.

7. He demurs to all other matters alleged in the answer.

The respondents joined in demurrer, and the case was then submitted to the Court upon the pleadings and certain agreed statements of fact. The *mandamus* having been refused, this appeal was taken.

By the City Code of 1879, Article 20, section 3, it is provided, that the "Fire Commissioners shall have the

appointment of, and entire control over, all other employés and property of the Fire Department."

The fifth section of this Article is the section upon the construction of which the appellant's case hinges; and that section is as follows : "The Fire Department of the City of Baltimore shall consist of five commissioners, one chief engineer, two assistant engineers, one clerk, seven engine companies, each consisting of one foreman, one engineman, one assistant engineman, one hostler and eight firemen; and two hook and ladder companies, each consisting of one foreman, one tillerman, one hostler, and ten laddermen, all of whom shall be of good character, and except those especially provided for in this ordinance, shall be appointed by the Fire Commissioners, and shall be entitled to retain their respective positions, for such time as they evince willingness and capacity to discharge the duties pertaining thereto efficiently, harmoniously with their associates, and satisfactorily to the Fire Commissioners; said employés shall not be subject to removal on account of any political, religious or other sentiments entertained by them, so long as said opinion or sentiment does not interfere with the faithful and efficient discharge of their respective duties as employés of the Fire Department."

*Mandamus* supplies the want of other adequate legal remedies, and is only to be resorted to when there is no other. The true test, then, in this case, whether the relator is entitled to the writ, is to inquire whether he has been deprived of a clear legal right, and whether he has any other remedy for the alleged wrong. *Tapping on Mandamus*, 10; *Harwood's Case*, 9 *Md.*, 83; *Legg's Case*, 42 *Md.*, 203. This inquiry involves the construction of that section of the ordinance of the city of Baltimore, already cited, which confers the power on the Fire Commissioners to appoint and remove certain "employés." The third section of Article 20 of those ordinances, gives

the appointment of all employés to the Fire Commissioners, and the fifth section enumerates the persons to be employed or appointed, and says they "shall be entitled to retain their respective positions for such time as they evince willingness and capacity" to discharge their duties "efficiently, harmoniously with their associates, and satisfactorily to the Fire Commissioners." It is very plain that this clause of the section confers on the Fire Commissioners the power of appointment, coupled with the *sole power of determining* whether such appointees are of "good character," as the law requires them to be; and also the sole discretion with respect to their efficiency in the service, and whether they evince proper willingness to discharge their duty "harmoniously with their associates." Whether they do so discharge their duties satisfactorily to the Fire Commissioners, no one but the Fire Commissioners can possibly determine; for no one can read their minds but themselves. The next clause puts a seeming restraint on the Fire Commissioners, in that it forbids the removal of any person "on account of political, religious or other sentiments entertained by them;" but this inhibition is only operative so long as such opinion does "not interfere with the faithful and efficient discharge of their duties as employés of the Fire Department." And inasmuch as the Fire Commissioners are the *sole judges* of efficiency and faithful discharge of duty, which the ordinance prescribes shall be *satisfactory* to them, this inhibitory clause does not operate so as to abrogate their discretion and judgment as to that matter, and to create a test which is to be judged of and determined by another tribunal. It is plain that it is their judgment and discretion which is to be exercised, and that it is subject to the revision or coercion of no other jurisdiction. The object to be attained by such department; the promptness with which it must act to meet the exigencies of a ravaging fire; the instant obedience with which its employés should respond

to orders, to the end that property and life might be saved; made it necessary that such judgment and discretion as is contemplated by this ordinance should be lodged somewhere, and forbade provision for formal charge, notice and trial, before an inefficient or insubordinate employé should be discharged, and an efficient and subordinate one should be substituted. Such requirement would seriously endanger the successful working of the Department. It would abridge, if it did not destroy its efficiency. It was not intended that such an obstacle should be in the way of an organization for the suppression of fires, which must be expeditious in order to be efficient.

There can be no doubt that the general common law rule is, as was insisted upon by the appellant's counsel, that before an officer can be removed he must be accused, notified and tried, with opportunity of defence. But when the power of removal rests, by statute, in the discretion of any person, or body of persons, or depends upon the exercise of personal judgment as to whether the cause for removal be sufficiently good, *mandamus* will not lie. The jurisdiction of the Court to interfere and command the doing of the thing which is asked, must be very clear, or it will not be exercised. *Tapping on Mandamus,* 11-13; *High on Ex. Rem.,* sec. 69; *Green vs. Purnell, Comptroller,* 12 *Md.,* 329.

If it could be conceded, that notwithstanding the Fire Commissioners had the ultimate determination of the question, whether proper ground for removal existed, still the party removed was entitled to be notified of the charges, and to have an opportunity of defence, which was not accorded him; it does not follow, that his prayer for the writ should be granted, in order that he may enjoy that privilege. It is never granted when it will be nugatory. It will always be refused by the Court, " if it be manifest that it must be vain and fruitless, and can have no benefi-

cial effect." *Tapping on Mandamus*, 15 (*marg.;*) *Public School Com'rs vs. County School Com'rs*, 20 *Md.*, 449.

Here the Fire Commissioners have pronounced their judgment, that the petitioner is unfit for the position from which he has been removed, and have filled the place with another person. It is too clear for discussion, that it would be utterly fruitless to award him a hearing now, if the Court had any power to restore him meanwhile. The view we take of the case, renders it unnecessary to consider many of the cases cited in argument. Whether this relator is such an officer as to be entitled to the writ, if he had other grievance, it is not necessary for us to decide on this presentation. For whether he be technically an officer or an employé, as we understand the law of this case, *mandamus* is not his remedy. If he has been illegally discharged from the service of the Fire Commissioners, and has not been paid his salary, his remedy is at law. If the Fire Commissioners have wilfully, maliciously or dishonestly exercised their power to remove him, they are answerable for their corrupt action. The case of *Murray vs. Fire Commissioners*, 72 *N. Y.*, 445, cited by appellant's counsel, is no authority in support of this relator's application. There the relator was, by express exception in the statute, forbidden to be summarily removed without charges and notice, as others were by the law. His duties were not such as required the liability to summary dismissal at the discretion of the Fire Commissioners. As to other officers occupying positions similar to the relator's here, the law there, as here, to ensure efficiency in the department, and because of the necessities of the service, confided the power of removal to the discretion and judgment of the Fire Commissioners; and no judicial tribunal is authorized, by *mandamus*, to exercise restraint or supervision over them. It is so clear, that the writ was properly denied, that it is needless for us to consider whether the petitioner is *such officer as may* resort to

*mandamus* for redress, or whether the practice of annual appointment of such officers or employés is consistent with the ordinance under consideration; and it is equally useless to consider or discuss any of the questions of pleading, or as to extent of submission to the Court, which were suggested at the hearing. The order refusing the writ will be affirmed.

*Order affirmed.*

(Decided 1st February, 1883.)