(Decided 11th March, 1885.)

---

.THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.*
JOHN V. P. O'NEILL.

*Mayor and City Council of Baltimore—Liability for Discretionary acts of Officers—Fire Commissioners—Removal of Officer—Salary—Fraudulent or Illegal conduct—Action of Damages.*

The foreman of an Engine Company in the Fire Department of Baltimore City, was dismissed by the Fire Commissioners from the service of the department, for disrespect to his superiors. In an action brought by him against the city, to recover the salary claimed to have become due to him since the date of his dismissal, it was
HELD:

1st. That the defendant could not be held responsible for the determination of the Fire Commissioners, but they alone must answer for the want of good faith, if any existed, in dismissing their appointee.

2nd. That if there were no arrears of salary at the time of dismissal, any wrong done by the commissioners must be redressed by an action of damages against them, and not the city.

3rd. That their right of removal being absolute, the discharged employé ceased to be an incumbent of the position, and could no

Mayor, &c., of Baltimore *vs.* O'Neill.

longer sustain a demand for salary as such, however its subsequent loss might enter as an element into the damages to be recovered of the commissioners, for fraudulent or illegal conduct in his removal.

APPEAL from the Superior Court of Baltimore City.

The appellant was sued by the appellee to recover certain salary alleged to be due. The nature of the plaintiff's claim is stated in the amended fourth count of the declaration, as follows:

And for that the plaintiff was, in pursuance of the ordinances of the defendant, duly appointed, and accepted the position of foreman of Engine Company No. 13, one of the engine companies of the Fire Department of the defendant, and the defendant promised and agreed to and with the plaintiff to pay him as salary in consideration of his, the said plaintiff's promise and agreement then and there made, to faithfully discharge the duties imposed upon him as such foreman, by the ordinances aforesaid, the sum of forty-one dollars and sixty-six and two-thirds cents monthly, so long as he should be entitled and be willing to retain his said position by virtue of and in accordance with the ordinances aforesaid; and the plaintiff, under said contract, for a long time performed the duties of the said position, and was willing and able, and offered still longer to discharge them in accordance with the said contract, yet the defendant, although often requested, hath refused and doth still refuse longer to permit the plaintiff to discharge the same, and hath also refused and doth still refuse to pay the plaintiff his said salary for the space of sixteen months, while he was entitled to retain his said position by virtue of and in accordance with the ordinances aforesaid.

To this amended count the defendant filed the following third, fourth and fifth amended pleas:

3. And as to the fourth amended count of the declaration, the defendants, by their said attorney, say, that dur-

ing the whole time mentioned in said count, the appointment of, and entire control over, all employés of the Fire Department of Baltimore City, including the plaintiff as one of said employés, was invested in five commissioners, called the "Fire Commissioners of the City of Baltimore," under and by virtue of a general ordinance of the said Mayor and City Council of Baltimore, duly passed and approved; and that all of said employés, when appointed by said Fire Commissioners, were, by the express provisions of said ordinance, entitled to retain their respective positions for such time as they evinced willingness and capacity to discharge the duties pertaining thereto efficiently, harmoniously with their associates, and satisfactorily to said Fire Commissioners, and were not subject to removal on account of any political, religious or other sentiments entertained by them, so long as said opinions or sentiments did not interfere with the faithful and efficient discharge of their respective duties as employés of said Fire Department. And the defendants in fact say, that on the 21st day of October, 1881, the said Fire Commissioners, in the exercise of the judgment and discretion vested in them by the hereinbefore recited terms of the general ordinance aforesaid, determined and adjudged that the plaintiff, as foreman of Engine No. 13, did not evince willingness and capacity to discharge the duties of his said position satisfactorily to them as such Fire Commissioners, and thereupon they dismissed and removed him from his said position; and that the said pretended claim of the plaintiff in the said count mentioned, is for salary alleged to be due to him as said foreman, subsequent to said dismissal and removal.

4. And for a further plea to said fourth amended count, the defendants say, that during the whole time mentioned in said count, the appointment of and entire control over all employés of the Fire Department of Baltimore City, including the plaintiff as one of said employés, was vested

in five commissioners, called the "Fire Commissioners of the City of Baltimore," under and by virtue of a general ordinance of the said Mayor and City Council of Baltimore, duly passed and approved, and that all of said employés, including the plaintiff, when appointed by said Fire Commissioners, were, by the express provisions of said ordinance, entitled to retain their respective positions for such time as they evinced willingness and capacity to discharge the duties pertaining thereto, efficiently, harmoniously with their associates, and satisfactorily to said Fire Commissioners, and were not subject to removal on account of any political, religious or other sentiments entertained by them, so long as said opinions or sentiments did not interfere with the faithful and efficient discharge of their respective duties as employés of said Fire Department. And the defendants in fact say, that on the 21st day of October, 1881, the said Fire Commissioners, in the exercise of the judgment and discretion vested in them by the hereinbefore recited terms of the general ordinance aforesaid, determined and adjudged that the plaintiff was guilty of disrespect to his superior officer, and did not evince willingness and capacity to discharge the duties of his said position satisfactorily to them as said Fire Commissioners, and thereupon dismissed and removed him from his said position; and that the said pretended claim of the plaintiff in said count mentioned, is for salary alleged to be due to him as said foreman, subsequent to said dismissal and removal.

5. And for a further plea to said fourth amended count, the defendants say, that during the whole time mentioned in said count, the appointment of, and entire control over all employés of the Fire Department of Baltimore City, including the plaintiff as one of said employés, was vested in five commissioners, called the "Fire Commissioners of the City of Baltimore," under and by virtue of a general ordinance of the said Mayor and City Council of Baltimore,

duly passed and approved, and that all of said employés, including the plaintiff, when appointed by said Fire Commissioners, were, by the express provisions of said ordinance, entitled to retain their respective positions for such time as they evinced willingness and capacity to discharge the duties pertaining thereto, efficiently, harmoniously with their associates, and satisfactorily to said Fire Commissioners, and were not subject to removal on account of any political, religious or other sentiments entertained by them, so long as said opinions or sentiments did not interfere with the faithful and efficient discharge of their respective duties as employés of said Fire Department. And the defendants in fact say, that on the 21st day of October, 1881, the said Fire Commissioners, in the exercise of the judgment and discretion vested in them by the hereinbefore recited terms of said general ordinance, determined and adjudged that the plaintiff was guilty of disrespect to his superior officer, and thereupon dismissed and removed him from his said position; and that the said pretended claim of the plaintiff in said count mentioned, is for salary alleged to be due to him as said foreman subsequent to said dismissal and removal.

The plaintiff among others, filed the following second and fourth replications to said pleas:

2. And for a second replication to the said three pleas the plaintiff says, that the said Fire Commissioners, not acting in good faith or in the honest discharge of their duties as such Fire Commissioners, but contriving and intending to oppress and injure the plaintiff as foreman of Engine Company No. 13, and to effect his removal and dismissal from his said position on account of political and other opinions entertained by him, but in nowise interfering with the faithful and efficient discharge of his duties as such foreman, falsely and fraudulently pretended and alleged, and do still pretend and allege, that the said plaintiff did not evince willingness and capacity to dis-

charge the duties of his said position satisfactorily to them as such Fire Commissioners, and also that he was guilty of disrespect to his superior officer; which allegations and pretences were and are, and each of them was and is, wholly false, and the same were and are, and each one was and is, known to the said Fire Commissioners so to be. Without this, that the said Fire Commissioners ever in good faith determined or adjudged that the plaintiff did not evince willingness and capacity to discharge the duties of his said position, satisfactorily to them as such Fire Commissioners, or that he was guilty of disrespect to his superior officer.

4. The plaintiff, by his attorneys aforesaid, for a fourth replication to the defendants' third, fourth and fifth amended pleas, says, that the said Fire Commissioners did not in the honest exercise of the judgment and discretion vested in them by the terms of the ordinance in the said pleas set forth, determine and adjudge that the plaintiff as such foreman as aforesaid, did not evince willingness and capacity to discharge the duties of his said position satisfactorily to them as such Fire Commissioners, nor did they, in the honest exercise of the said judgment and discretion, adjudge and determine that the said plaintiff had been guilty of disrespect to his superior officer.

Upon demurrer to said second and fourth replications the same were held sufficient by the Court below, and the demurrer thereto was overruled. The jury rendered a verdict for $619.76 for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Bernard Carter, City Solicitor*, and *James L. McLane, City Counsellor*, for the appellant.

*Charles J. Bonaparte,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The appellee, a foreman of an engine company in the Fire Department of Baltimore City, was dismissed by the Fire Commissioners from the service of the department for disrespect to his superior officers. He was paid his salary in full to the date of his dismissal. In April, 1882, he applied to the Court of Common Pleas for a mandamus upon the commissioners to restore him to his place, and to pay him the salary thereof for the period subsequent to the dismissal. The mandamus was refused, and on appeal the order of the Court below was affirmed. The case, as presented and decided in this Court, is reported in 59 *Md.*, 283.

The questions presented and passed upon in that case are substantially decisive of this. The material issue in the mandamus case was whether or not the action of the Fire Commissioners was conclusive under the city ordinances conferring the power of removal on those officers. After quoting the ordinance, this Court said :

" It is very plain that this clause of the section confers on the Fire Commissioners the power of appointment, coupled with *the sole power of determining* whether such appointees are of good character, as the law requires them to be ; and also the sole discretion with respect to their efficiency in the service, and whether they evince proper willingness to discharge their duty ' harmoniously with their associates.' Whether they do so discharge their duties satisfactorily to the Fire Commissioners, no one but the Fire Commissioners can possibly determine ; for no one can read their own minds but themselves. The next clause puts a seeming restraint on the Fire Commissioners, in that it forbids the removal of any person ' on account of political, religious or other sentiments entertained by them ;' but this inhibition is only operative so long as

Mayor, &c., of Baltimore *vs.* O'Neill.

such opinion does 'not interfere with the faithful and efficient discharge of their duties as employés of the Fire Department.' And inasmuch as the Fire Commissioners. are the *sole judges* of the efficient and faithful discharge · of duty, which the ordinance prescribes shall be *satisfactory* to them, this inhibitory clause does not operate so as to abrogate their discretion and judgment as to that matter, and to create a test which is to be judged of and determined by another tribunal. It is plain that it is their judgment and discretion which is to be exercised, and that it is subject to the revision or correction of no other jurisdiction. The object to be attained by such department; the promptness with which it must act to meet the exigencies of a ravaging fire ; the instant obedience with which its employés should respond to orders, to the end that property and life might be saved; made it necessary that such judgment and discretion, as is contemplated by this ordinance, should be lodged somewhere, and forbade provision for formal charge, notice and trial, before an inefficient or insubordinate employé should be discharged, and an efficient and subordinate one should be substituted. Such requirement would seriously endanger the successful working of the department. It would abridge, if it did not destroy, its efficiency. It was not intended that such an obstacle should be in the way of an organization for the suppression of fires, which must be expeditious in order to be efficient."

It is apparent from the position thus taken by this Court as to the conclusiveness of the action of the Fire Commissioners in removing the appellee, as a matter resting solely in their discretion and judgment, that the Mayor and City Council cannot be held responsible for their determination, but the commissioners alone must answer for the want of good faith, if any exist, in dismissing their appointees ; and it follows from this, that if there be no arrears of salary at the time of dismissal, any

wrong done by the commissioners must be redressed by an action of damages against them, and not the city. Their right of removal being absolute, the discharged employé ceases to be an incumbent of the position, and can no longer sustain a demand for salary as such, however its subsequent loss may enter as an element into the damages to be recovered of the commissioners for fraudulent or illegal conduct in his removal. This is plainly indicated in another part of the opinion first quoted from. The language of the Court, is:

"If he has been illegally discharged from the service of the Fire Commissioners, and has not been paid his salary, his remedy is at law. If the Fire Commissioners have wilfully, maliciously or dishonestly exercised the power to remove him, they are answerable for their corrupt action."

This principle of responsibility, in regard to the class of municipal officers to which the commissioners belong, has been expressly announced in the case of *Boehm and Loeber vs. Mayor, &c.*, 61 *Md.*, 261. That was a case arising under an ordinance adopted in pursuance of the power conferred to pass ordinances to preserve the health of the city, and prevent and remove nuisances. It provides that persons obtaining licenses to clean privy-vaults shall be subject to the orders of the Board of Health, and that for any refusal or neglect to obey such orders it shall be the duty of the comptrollor, upon the written request of the commissioner of health, to revoke the license of the person so refusing or neglecting to obey. The comptroller having revoked the license of plaintiffs upon the written request of the Health Commissioner, the plaintiffs sued for damages on the ground that the defendant, without just or legal cause, suspended and revoked their license. This Court, in the appeal of that case, said:

"If the Commissioner made the request or complaint maliciously, or without just grounds therefor, and the

plaintiffs have been damnified thereby, the corporation cannot be made responsible for such misconduct on his part. The power to pass health ordinances like these, is derived from what is known as the police power of the State, and it was delegated to be exercised, not for the benefit or in the interest of the city in its corporate capacity, but for the public good. Commissioners and other officials acting under such ordinances and enforcing such regulations, perform duties and occupy positions similar in legal effect to that of police officers, and it is well settled that such officers appointed by a city are not its agents or servants, so as to render it responsible for their unlawful or negligent acts in the discharge of their duties. Accordingly, it has been held that a city is not liable for an assault and battery committed by its police officers, though done in an attempt to enforce an ordinance of the city, nor for an arrest made by them which is illegal for want of a warrant. 2 *Dillon on Mun. Corp.,* sec. 975." And, as sustaining this position, with direct reference to the fire department of a city; see the succeeding section in *Dillon; Hafford vs. City of New Bedford,* 16 *Gray,* 297; *Weightman vs. The Corporation of Washington,* 1 *Black,* 39, 49, and *Fisher vs. Boston,* 104 *Mass.,* 87.

With these views of the principles underlying this case, we think the demurrer of the defendant should have been sustained. As in our opinion no right of action is disclosed against the appellant, it is unnecessary to consider the rulings on the prayers.

*Judgment reversed.*

(Decided 12th March, 1885.)