MARSENE JOHNSON v. THE CITY OF GALVESTON.

No. 1182.

**1. Mandamus—Illegal Ouster from Office.**
    Mandamus is a proper remedy to restore a person to an office from which he has been illegally ousted.

**2. Same—Will Not Lie, When—Want of Jurisdiction—Void Judgment.**
    While the writ of mandamus will not lie to revise the judgment of an inferior court or to compel the action of a public officer to whom a discretion is given by law in the decision of a question, yet when a court is without jurisdiction of the subject matter, and has no authority to entertain the complaint or cause of action, any judgment it may render, undertaking to adjudge the rights of the parties, will be void and may be collaterally attacked.

**3. Same—Will Lie to Restore Officer, When—City Council—Jurisdiction.**
    If a city council having authority under the city's charter to try and to remove an officer of the city for causes named in the charter exceeds its authority and removes such officer for a cause not mentioned therein, such action would be without jurisdiction and mandamus would lie to restore him.

**4. Malconduct in Office—Assault Does Not Constitute, When.**
    Malconduct in office means official misconduct, and does not include an assault committed by an officer not connected with such officer's official duties.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Hume & Kleberg* and *Byron Johnson*, for appellant.—Mandamus is recognized as. a peculiarly appropriate remedy to correct any improper amotion from office, and to restore to the full enjoyment of his franchise a person who has been improperly deprived thereof. Milliken v. City Council, 54 Texas, 388; Lindsey v. Luckett, 20 Texas, 516; Terrell v. Greene, 31 S. W. Rep., 631; The State v. The City Council, 9 Wis., 254; The State v. The City Council, 25 N. J. Law, 536; Metsker v. Nealy (Kas.), 21 Pac. Rep., 206; Ex parte Lusk, 82 Ala., 519; People v. Hallet, 1 Colo., 352; Ex parte Diggs, 52 Ala., 381; State v. Shakespeare, 8 So. Rep., 893; Ex parte Wiley, 54 Ala., 266; Mech. Pub. Off., secs. 780, 978; High on Ex. Rem., secs. 67, 69; Com. v. Williams, 79 Ky., 44-48.

2. The power of a city council to remove a recorder from office is limited to the causes specified by the city charter. 1 Dillon (3d ed.), sec. 243, note 1, sec. 245.

3. An assault committed by a person holding the office of judge, justice of the peace, or recorder, in no way connected with the performance of any of the duties or functions of his office, does not constitute malconduct in office or official misconduct, in the meaning of the law. Mechem on Public Officers, secs. 457 and 458; Mayor v. Shaw, 16 Ga., 172; 45 La. Ann., 1350; 14 S. W. Rep., 28; State ex rel. Hart v. Duluth, 55 N. W. Rep., 118; People v. Ward, 85 Cal., 591; 24 Pac. Rep., 785; State v. Shakespeare, 8 So. Rep., 893.

*Thos. J. Ballinger,* for appellee.—1. Mandamus will not issue to restore to office one who has been irregularly removed, if good cause existed for such removal. Merrill on Mandamus, secs. 74, 149.

2. Mandamus will not lie to control the exercise of the discretion of inferior courts, and where such courts have acted judicially upon a matter properly presented to them, their decision can not be altered or controlled by mandamus from a superior tribunal. State v. DeGress, 72 Texas, 242; Ewing v. Cohen, 63 Texas, 484; Seay v. Hunt, 55 Texas, 558; Bledsoe v. Railway, 40 Texas, 554; Krakauer v. Caples, 6 Texas Civ. App., 264; Keenan v. Perry, 24 Texas, 260; Cullen v. Latimer, 4 Texas, 329.

3. The power to remove an officer for cause is not subject to review by any other tribunal, either in respect to the cause, or in respect to its sufficiency, or existence, or in any respect whatever. People v. Stout, 11 Abb. Pr. (N. Y.), 17; 19 How. Pr. (N. Y.), 171; 19 Am. and Eng. Ency. Law, p. 562, K. note; (110 N. Y.) People v. French, 494.

GARRETT, Chief Justice.—The appellant, Marsene Johnson, brought this action in the District Court of Galveston County against the mayor and aldermen of the City of Galveston, for a writ of mandamus to restore him to the office of recorder of the City of Galveston, from which he alleged he had been illegally ousted by the City Council. The case has been improperly entitled and docketed as The State

of Texas ex rel. Marsene Johnson v. The Mayor and City Council of the City of Galveston. The State is not a party to the suit, which is an application by the appellant to the District Court for a writ of mandamus to restore him to the office. The clerk of this court will be instructed to correct the style of the case. The suit is against the mayor and aldermen of the city who compose the City Council.

Appellant alleged that the City Council had, on the 10th day of September, 1895, unlawfully and without power or authority of law, removed him and declared said office vacant. Appellees deny the jurisdiction of the District Court to grant the writ of mandamus to compel them to restore the appellant, and say, further, that he was rightfully removed.

Appellant had been duly appointed, and had qualified as recorder of the City of Galveston for the term of two years from June 17, 1895, and was acting as such when removed. On Saturday, August 24, 1895, he committed an assault upon one Edward Hirschfield, by striking him on the head with a pistol. The evidence showed that the assault was committed on account of an assault by Hirschfield upon the child of Johnson, and grew out of a provocation entirely personal and in no manner related to the discharge of appellant's duty as recorder. Hirschfield made a complaint before the City Council, as follows:

"Now comes Edward Hirschfield, and as a citizen of the City of Galveston, makes it known to the Honorable City Council of the City of Galveston, that Marsene Johnson, the Recorder for the said City of Galveston, has, during his present term of office as such Recorder, committed such acts of malconduct as to warrant his removal from said office. As a citizen of said city, your informant now charges that the acts of malconduct committed by said Marsene Johnson during his present term of office are as follows, and he charges as follows, to-wit: That he, said Marsene Johnson, did on, to-wit, Saturday, August 24, 1895, enter the place of business of your informant and did then and there unlawfully commit an assault upon your informant, Edward Hirschfield, by striking him on the head with a deadly weapon, to-wit, a pistol. Your informant charges that the aforesaid acts on the part of said Marsene Johnson were in violation of the laws of the State of Texas, and constitute malconduct in office on the part of said Marsene Johnson, he being guilty of acts unbecoming a judge and peace officer. Your informant now asks that the aforesaid charges be heard, and that the said Marsene Johnson be served with a copy of said charge, and that he be cited to appear before the Honorable City Council of the City of Galveston, and show cause, if any he has, why he should not be removed from the said office of Recorder, and that he be removed therefrom."

Appellant, having been duly cited to appear before the said City Council, answered the charge, and denied that he had been guilty of any act which, under the charter of the city, would give jurisdiction to the Council to remove him; and denied the charge made against

him; he also introduced evidence upon the trial in rebuttal of the evidence offered in support of the complaint. After hearing the evidence, the City Council, on the 10th day of September, 1895, sitting as a court for the trial of the appellant upon the charge preferred against him, by a vote of more than two-thirds of the aldermen, adjudged that the charge had been sustained, and that appellant was guilty of malconduct in office, and that he be removed from said office of Recorder of the City of Galveston, and that said office be declared vacant.

Appellant acted as Recorder until the 10th of September, 1895, when he was removed, as above stated. The unexpired term of the office is worth the sum of $3150, as stated in the petition.

It is well settled that mandamus is a proper writ to restore a person to an office from which he has been illegally ousted. Banton v. Wilson, 4 Texas, 400; Nelson v. Edwards, 55 Texas, 389; Lindsay v. Luckett, 20 Texas, 516; Milliken v. City Council, 54 Texas, 388; Terrell v. Greene (Tex. Sup. Ct.), 31 S. W. Rep., 631. It is also a well recognized principle of law that the writ will not lie to revise the judgment of an inferior court or to compel the action of a public officer to whom a discretion is given by law in the decision of a question. Ewing v. Cohen, 63 Texas, 484; Bledsoe v. Railway Co., 40 Texas, 554; Sansom v. Mercer, 68 Texas, 488. But where a court is without jurisdiction of the subject matter which it has undertaken to adjudicate, and has no authority conferred upon it by law to entertain the complaint or cause of action, any judgment it may render, undertaking to adjudge the rights of the parties, will be void and may be attacked collaterally and its nullity shown. This is a familiar principle of law and needs no citation of authority in support of it. The City Council of the City of Galveston had the authority conferred upon it by the charter of the city to sit as a court, as it did in this case, and try an officer of the city and remove him upon any charge made a cause for removal by the charter itself, and its judgment in such case could not be reviewed upon application for a writ of mandamus to restore the officer so removed. The judgment of the City Council in such case would also be final, if not void, as no appeal is provided for.

If the judgment of the City Council be not void, the writ will not lie, and the judgment below is correct. So the investigation must be as to the validity of that judgment. If the charge upon which the appellant was tried was one for which the charter authorized his removal, the action of the City Council, even if not correct, was final, and cannot be reviewed by the District Court. But if the appellant was removed for a cause not authorized by the charter, the City Council was without jurisdiction of the charge and had no authority to remove the appellant, and mandamus will lie. Milliken v. City Council, supra; State v. City Council, 9 Wis., 254; State v. City Council, 25 N. J. Law, 536, and other authorities cited by counsel for appellant.

Section 156 of the charter of the City of Galveston, sets out the causes for which the Recorder may be removed, as follows:

"The City Council shall have power to remove any officer for incompetency, corruption, malconduct, malfeasance or nonfeasance in office, after due notice," etc.

The malconduct in the charter is malconduct in office. If appellant is removed, that is the charge which must be sustained. Malconduct, as used, means misconduct, and the offense is official misconduct. However reprehensible the conduct of the appellant may have been, it was in no manner connected with the discharge of the duties of his office, either as Recorder or as an ex-officio magistrate of the State, and was not malconduct in office. The Council had no authority to remove him upon the charge made. The cause was not sufficient as stated in the complaint, and the evidence produced does not tend in any way to connect the assault with appellant's official duties. The City Council was therefore without jurisdiction of the charge and could not legally remove the appellant, and the court below should have granted the writ to restore him.

The judgment of the court below will be reversed and judgment here rendered in favor of the appellant granting him the relief prayed for..

*Reversed and rendered.*