## FRANK ZIEGENHEIM *vs.* THE BALTIMORE WHOLESALE GROCERY CO.

*Mandamus—Expulsion of Member of a Corporation—Notice of Charges —Mandamus Not to be Issued When of no Benefit.*

When a member of a corporation is notified by its officers that his membership will cease upon a certain date for alleged reasons, and no prior notice of the action of the corporation has been given to him and no opportunity to be heard, he is entitled to a writ of *mandamus* restoring him to membership, although, after the receipt of the notice, he was allowed to appear before the Board of Directors and invited to make an explanation, provided the writ will be of some advantage to him.

The writ of *mandamus* is not to be issued when it will work no substantial benefit to the petitioner.

The constitution and by-laws of a grocery company provided that only persons engaged in the retail grocery business should be eligible to

membership, and that any member retiring from such business should surrender his stock for redemption, and the Board of Directors was authorized to expel any member and redeem or cancel shares of stock. The petitioner, a member of the company, was notified that his membership would cease upon a certain date, because he had sold out his business and retired from the retail trade.   Upon his petition for a *mandamus* to restore him to membership, *held*, that if it be found as a fact that the petitioner had retired from the retail business, he is not entitled to the writ, although no prior notice of the action of the Board of Directors terminating his membership had been given him, and although the Board of Directors may not have been elected in accordance with the provisions of the Code of Public General Laws.

*Decided June 24th, 1908.*

Appeal from the Court of Common Pleas of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*S. Gross Horwitz*, for the appellant.

*William S. Bryan, Jr.*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a judgment, of the Court of Common Pleas, for the defendant in application for a writ of *mandamus*. The purpose for which the writ was asked was to restore the applicant to membership in the Baltimore Wholesale Grocery Company of Baltimore City.   There are two bills of exceptions in the record one of which brings up for review the action of the Court below on the prayers, and instructions to the jury, and the other relates to the striking out of certain testimony which had been admitted subject to exception.

It appears from the record that the Grocery Company was incorporated under the general incorporation laws of the State, on the 21st of March, 1907, to conduct "the wholesale grocery business," and that it had a capital stock of $10,000, divided into one thousand shares of the par value of ten dollars each. The precise purpose for which the company was formed, as

disclosed by its constitution and by-laws, was to promote the interests of persons engaged in the retail grocery business by enabling them, through its agency and by the use of its funds, to purchase their stock in trade at lower prices than they could otherwise do.

The constitution distinctly provides that "persons engaged in the retail grocery business only are eligible to membership."

By-law VI provides that "Members retiring from or giving up the retail grocery business shall cease from all participation and profit in this company from the date of their retirement and shall surrender their stock within thirty days therefrom for redemption." Other sections of the by-laws provide that neither membership in the company nor certificates of its stock shall be transferable but that the company will redeem all stock after thirty days notice in writing.

Sec. 3 of the constitution provided that "The power of the board of directors shall be to exercise the entire supervision and management over the property and business of the company, regulate the purchase and prices of goods, to borrow such sum. or sums of money as they may find necessary to properly conduct the business of the same, to take stock and audit the accounts as the company may require, to investigate all charges of neglection of duty or the violation of the constitution and by-laws of the company that may be brought against any officer, member or employee until the charges brought against them shall have been duly investigated, and upon conviction thereof shall expel any member, remove any officer or discharge any employee, shall pass upon the issuing, redemption and cancellation of all stock of the company and shall distribute goods for cash only."

It further appears from the record that the appellant joined the company at its organization, he being then engaged in the retail business at No. 2944 Hudson street in Baltimore City, and that he remained a member and stockholder in it until he sold out the stock in trade and business at that place to a Mr. Sause, on March 1st, 1907.

There is evidence in the record tending to prove that after

thus selling out his former business the appellant continued in a small way in the grocery business and also evidence of an opposite tenor. There is also evidence tending to show that, after the sale of his business by the appellant came to the notice of the board of directors of the company, they sent him the following letter:

Baltimore, 15th February, 1906.
"Frank Ziegenheim,
        Baltimore City.
Dear Sir:

On and after the 19th day of February, 1906, your connection with this company, both as stockholder and purchaser, will cease and determine, you upon that date will have retired from the retail grocery business for the period of thirty days, within which under the by-laws of this company you must present your stock for cancellation.

You will be entitled to a withdrawal card, as provided in the by-laws, which withdrawal card is now ready at this office for you, and this company is now ready to redeem your stock as provided in the by-laws, and we hold the necessary amount of money for the redemption of the stock you hold, which upon the presentation of your stock will be paid you.

(signed) Respectfully,
           J. F. Ahern,
           Secretary to the Board."

And that having received the letter the appellant went to the company's place of business and asked what the letter meant. He was informed that it had been sent because he had gone out of the business, when he replied that he was not out of business and wanted to buy goods. The board of directors being then in session he was invited to go into the meeting and, having done so, was asked to explain how he was in the retail grocery business, but he declined to answer insisting that he was under no obligation to do so. After that the company refused to recognize him as a member, and on June 11th, 1906, he filed his petition for a *mandamus* to restore him to membership in the company.

The substantial allegations of the petition, after stating the facts of the formation and purpose of the company and that the petitioner has been a member and stockholder in it from

its formation, are that he has never retired from the retail grocery business and is not in default in any of his obligations to the company, but that it has wrongfully and illegally refused to recognize him as a member and has denied him the privilege of purchasing goods from it and excluded him from all of the benefits of membership in it, and that the board of directors which took action against him was not a legally constituted one, because, although the corporation law of the State requires that the directors of corporations like this company to be elected annually, after the first year, to serve for a full year, the company elected its directors, after the first year, semi annually to serve for a period of six months only.

The substantial defense set up by the company in its answer to the petition is that the petitioner lost his right to membership in it by retiring from the retail grocery business in January, 1906, when he sold and disposed of his business, that the action taken by its board of directors in his case was in accordance with the provisions of its constitution and by-laws and similar to the action in the cases of others who had retired from the business and that it had afforded the petitioner a reasonable opportunity to be heard upon the question of his retirement from the retail grocery business but he had declined to avail himself of it, and that the petitioner had all along participated in the elections of the successive boards of directors of the company including the one which took the alleged action against him and that there was no irregularity in its election.

The case was tried before the Court without a jury and at the close of the evidence, on the trial of the case, the petitioner offered three prayers of which the learned Judge below granted the first in connection with an instruction of his own and rejected the second and third.

The first prayer was as follows:

"If the Court, sitting as a jury, shall find that the plaintiff was a member of the defendant company from the time of its inception down to the date of the receipt of the letter of the defendant offered in evidence, bearing date February 15th,

1907, and that he had paid all dues down to that date, and that prior to the receipt of said letter no charges of any kind had been preferred against him, no notice of any action of the kind set out in said letter had been given him, and no opportunity to be heard, and that he was apprised by the president of the corporation, prior to meeting held on the 21st of February, 1907, that no more goods would be sold to him, for he had retired from the grocery business and his connection with the defendant had ceased, then the verdict must be for the plaintiff, even though the defendant allowed the plaintiff to appear before the board on the 21st of February, 1907, and offered to allow him at that meeting to make any explanation he wished."

That prayer was granted by the Court in connection with the following instruction of his own.

The Court rules as matter of law, that if the Court shall find as matter of fact that the petitioner is not now engaged in the retail grocery business within the meaning of Art. VI, sec. 1, of the by-laws of the defendant corporation, and is not now entitled to membership in said association or corporation under the provisions of the by-laws thereof, and that therefore the issuance of the writ of *mandamus* would be unattended by any substantial benefit to the relator, then the verdict should be for the defendant.

The petitioner's rejected prayers were as follows:

2 Prayer.

That if the Court, sitting as a jury, shall find that the board of directors of the defendant which took the action against the plaintiff named in the petition, finally depriving him of all rights in the defendant company, was a board elected not in the mode prescribed in the Code of Public General Laws of Maryland; but in accordance with the rules printed in the constitution and by-laws of the defendant offered in evidence, then the verdict must be for the plaintiff.

3.

The plaintiff prays the Court to rule as a matter of law that under the constitution and by-laws of the defendant offered in evidence, the board of directors of the defendant had no power or authority to expel the plaintiff from membership in

the defendant company, or to deprive him of his rights therein, and as the testimony of the defendant all admits that the action against the plaintiff was all taken by the board of directors, the verdict must be for the plaintiff.

We find no error in the disposition made of these prayers. The first prayer embodied the petitioner's own theory of his case so far as it rested upon the facts therein referred to, while the Court's instruction merely limited his right, to the writ prayed for, by the well settled principle that the writ will not be issued in such a state of facts as will render it futile, or where no just and useful purpose will be answered by it.     If the Court found as a matter of fact, as it evidently did, that the petitioner was not at the time of the trial of the case engaged in the retail grocery business, he was ineligible to membership in the company and, whatever his rights may have been if he had suffered wrong or injury at the hands of the directors, he could no longer insist upon his forcible introduction into a position for which he was then disqualified.     The findings of fact by the Court when sitting as a jury are not reviewable by us on appeal.

In *Weber* v. *Zimmerman*, 23 Md. 45, this Court set aside a writ of *mandamus* which had been issued to restore the petitioner in that case to his office and functions of pastor of a certain congregation to which he had been duly appointed and from which he had been unlawfully removed by the respondents.     The reason stated by the Court for its action was that the charter of the congregation required its pastor to be a member of a certain synod, and the petitioner, since the trial of the case, had been expelled from the ministry by that synod and thus disqualified from holding the office of pastor under the charter. The Court there said that if that fact had been known to it before the writ was ordered, no writ would have been issued. To the same effect are the cases of *Summerson* v. *Schilling*, 94 Md. 589; *Wells* v. *Hyattsville*, 77 Md. 142–3, *Brown* v. *Bragunier*, 79 Md. 236; *State* v. *Register*, 59 Md. 283; *State* v. *Graves*, 19 Md. 374.

The second and third prayers were properly rejected because, even if the Court sitting as a jury found the facts upon

which they were predicated, still, under the rulings in the cases already cited, it should not have issued the writ to restore the petitioner to membership in the company if the Court sitting as a jury also found him not to be then engaged in the retail grocery business for it was fundamental to the whole scheme of the company that none but retail grocers could be admitted to its membership.

Nor was there any reversible error in striking out the evidence which had been admitted subject to exception. That evidence consisted of the general statement by the petitioner, that as a result of the termination of his membership in the company he had to pay more for goods and was unable to compete with other dealers, without giving any particulars. That was too indefinite to form a basis for an estimate of damages. Even if the motion to strike out the evidence should not have been granted, the petitioner was not injured by the action of the Court because it determined for other reasons not to issue the *mandamus*.

Having determined that the writ ought not to issue in the case before us we find it unnecessary to review the propositions elaborated with much ability upon the brief of the appellant's counsel touching the power of the company to expel one of its members and the various steps requisite to the exercise of that power if it exists.

The judgment appealed from must be affirmed.

*Judgment affirmed with costs.*