STATE EX REL. FLORENCE E. EARLY v. ALBERT WUNDER-
LICH, AS COMMISSIONER OF EDUCATION OF THE
CITY OF ST. PAUL, AND ANOTHER.[1]

January 2, 1920.

No. 21,487.

**Municipal corporation — appointment to and removal from office.**

1. A municipal body or official, having power to appoint an officer or subordinate, has power to remove such appointee in the absence of any law restricting that power.

**Same — when removal must be for cause — hearing.**

2. Where an appointee can be removed only for cause, he is entitled to a hearing and an opportunity to refute the charges against him, unless the law prescribes a different procedure for making such removals.

**Same — when procedure for removal is specified by law.**

3. Where the law authorizes an officer to remove an appointee, if in his judgment a cause for such removal exists, and prescribes the procedure which he shall follow in making the removal, the only questions open to examination by the courts are whether the prescribed procedure has been followed, and whether the reasons assigned for the removal are sufficient to justify it.

**Same — procedure named in city charter.**

4. The charter having prescribed the procedure for making removals without providing for a trial, relator was not entitled to a trial.

**Mandamus will not lie to reverse decision of officer empowered to remove.**

5. While mandamus will lie to reinstate an appointee removed in violation of law, it will not lie to reverse the decision of an officer empowered by law to determine as a matter of fact whether cause for removal existed.

**Decision of commissioner of education not reviewable by mandamus.**

6. The commissioner of education, having removed the relator in the exercise of the power vested in him by the charter, and having followed the procedure prescribed by the charter for making such removals, and the reasons assigned for the removal being sufficient to justify it, his decision cannot be reviewed by mandamus.

[1]Reported in 175 N. W. 677.

Upon the application of relator the district court for Ramsey county granted its writ of alternative mandamus directing the commissioner of education of the city of St. Paul to reinstate relator in her position as teacher in the public schools of that city and to place relator's name upon the payroll of the city, or show cause why he had not done so. Respondents separately demurred to the petition and writ on the ground that they did not state facts sufficient to entitle relator to the relief demanded. From an order, Haupt, J., sustaining demurrers to the alternative writ of mandamus, plaintiff appealed. Affirmed.

*J. P. Kyle,* for appellant.

*O. H. O'Neill* and *W. J. Giberson,* for respondents.

Taylor, C.

The relator appeals from an order sustaining a demurrer to her petition for a writ of mandamus and to the alternative writ issued thereon by which she sought to compel the defendants to reinstate her as a teacher in the public schools of the city of St. Paul.

Prior to the year 1914, the schools of the city were controlled by a board of school inspectors which had the power to remove teachers at will. In 1914 the present charter establishing a commission form of government went into effect. The present charter vests the control of the schools in the commissioner of education, subject to the supervisory power of the council, and provides for the appointment of a superintendent of schools and further provides:

"On nomination by said superintendent said commissioner of education shall appoint all assistants to said superintendent, all office assistants to said superintendent, all principals and all teachers in the public schools, all of whom shall be subject to removal by said commissioner on his own motion or on the complaint of said superintendent, by the mayor, or by a two-thirds vote of the members elected to the council, provided that, however removed, the officer making the removal shall state specific reasons therefor in writing, and the person removed shall have an opportunity to reply in writing, and both reasons and reply shall become permanent public records of the office of the commissioner of education. All teachers and supervisors and assistants to the superintendent other than office assistants doing clerical work shall meet the qualifications required

by the state of Minnesota for teachers of like grades in other public schools. It is the intent of this charter that, unless removed for cause as above stated, teachers and assistants once appointed shall serve during efficiency and good behavior. The council may provide for probationary appointment previous to regular appointment, during which time the teachers or supervisor or assistant shall be subject to removal at the pleasure of the commissioner of education."

The relator had been a teacher in the St. Paul schools for six years. On May 23, 1918, the commissioner of education wrote her that he did not feel that he could approve her reappointment for another year, as the advisory staff had reported her work as "not efficient and not of the quality to which the school children of St. Paul are entitled," and that he gave her this advance notice in order that she might voluntarily resign before the appointments for the next year were given out. Relator did not resign, and on June 18, 1918, the commissioner of education preferred formal charges against her to which, on June 28, she made a lengthy reply, in which she asserted that the charges had no foundation in fact. On August 29, 1918, the commissioner informed her that her answer to the specific charges was not satisfactory and that he could not reappoint her to a position in the St. Paul schools.

We deem it unnecessary to discuss the charges preferred further than to say that we are of the opinion that, if true, they were sufficient to justify the action of the commissioner.

It is the general rule that a municipal body or official having the power to appoint an officer or subordinate also has the power to remove the appointee at pleasure in the absence of any law restricting the power of removal. Where the law provides that removals shall be made only for cause, the arbitrary power to remove at pleasure is taken away, and before the appointee can be removed the body or official vested with the power of removal must determine, in the manner prescribed by law, that a cause which the law recognizes as a sufficient ground therefor exists.

The relator cites numerous authorities in support of the proposition that where the law provides that an appointee shall hold his position during efficiency and good behavior, or that he shall be removed only for cause, he is entitled to a trial and an opportunity to controvert the evidence against him, and cannot be removed until he has been accorded

that right. This is a well established general rule, but does not apply where the law points out a different procedure. The manner of making such removals is wholly within the control of the legislature, and when the law which gives the power to remove provides by whom and in what manner that power shall be exercised, the only question open to examination by the courts is whether the statutory requirements have been complied with. Here the commissioner of education had the power to remove; the charges were sufficient in law to justify exercising the power, and the procedure followed was that prescribed by the charter.

The relator asserted in her answer that she had not been derelict in any of the respects alleged, and contends that under the charter provision quoted she was entitled to a trial and an opportunity to controvert the evidence adduced in support of the charges.

The provisions of this same charter in respect to the removal of policemen were under consideration in State v. McColl, 127 Minn. 155, 149 N. W. 11, and the court said:

"New York has for many years had a statute containing similar provisions for removal of subordinate municipal officers and employees. It was early held that, while these provisions gave no right to a formal trial, they were intended as a substantial limitation of the general power of removal, and that under these provisions removals can be made only for cause and the process for removal prescribed by statute must be pursued. The cause must be some delinquency or incapacity touching the fitness and the qualification of the officer to discharge the duties of the office; the removing officer may act upon his own knowledge of the facts or upon information furnished him by others, and, upon such knowledge and information and the showing made by the subordinate, he is to judge whether cause for removal exists. In so doing, he must exercise a discretion which the courts cannot control. Such discretion is not, however, unlimited, and it can only be exercised in the manner prescribed by law. People v. Board of Fire Commissioners, 72 N. Y. 445; People v. Thompson, 94 N. Y. 451, 462. The right of the removing officer is in substance 'a right to judge' the subordinate, and upon the decision, if favorable, to remove him. People v. Campbell, 82 N. Y. 247, 252. See also Truitt v. Philadelphia, 221 Pa. St. 331, 70 Atl. 757.

"We adopt and follow the foregoing as the correct construction of the

provisions of the charter of the city of St. Paul, and hold that the charter provisions referred to contemplate removals only for cause, the determination of which is for the commissioner."

In People v. Thompson, 94 N. Y. 461, cited in the McColl case, the New York court said:

"The next inquiry which arises is whether the commissioner committed an error in his decision in refusing to require that evidence should be given to establish the allegations made, and in not allowing testimony to be introduced in favor of the relator. The commissioner was acting by virtue of the statute already cited, and he was bound to follow its provisions, and to fulfil its requirements and nothing more. There is nothing in the statute which requires that the cause of removal shall be established by proof taken before the commissioner. It seems to have been intended that the commissioner should exercise this power upon facts within his own knowledge, or based upon information received by him, after communicating to the relator his purpose of removing him, with notice of the reason why he proposed to take such action, and after allowing him an opportunity to make explanation as to the facts assigned as grounds for the removal. No testimony is required to be taken as to the basis of the commissioner's action; it is enough that he assigns a sufficient cause for the removal, and furnishes an opportunity to the relator for explanation of the same. This tends to prevent removals without any cause whatever, or upon personal or political grounds."

The construction given the New York statute in People v. Thompson was approved as correct in People v. Brady, 166 N. Y. 44, 59 N. E. 701, and was first stated in People v. Board of Fire Commissioners, 72 N. Y. 445, both of which are cited in the McColl case. As supporting the same construction of similar statutory provisions see the following: State v. Register, 59 Md. 283; O'Dowd v. City of Boston, 149 Mass. 443, 21 N. E. 949; State v. Dahl, 140 Wis. 301, 122 N. W. 748; State v. Grant. 14 Wyo. 41, 81 Pac. 795, 82 Pac. 2, 1 L.R.A.(N.S.) 588, 116 Am. St. 982; Attorney General v. Jochim, 99 Mich. 358, 58 N. W. 611, 23 L.R.A. 699, 41 Am. St. 606.

The relator contends that the charter gives a teacher a more secure tenure of office than a policeman, and argues that the construction given the provision governing the removal of policemen should not be con-

trolling in construing the provision governing the removal of teachers for that reason. The charter provides "that unless removed for cause as above stated teachers * * * shall serve during efficiency and good behavior." It provides that policemen "shall retain their positions until discharged, reduced, promoted or transferred in accordance" with the civil service regulations. Neither can be removed arbitrarily; either may be removed for cause; the method of removal is the same in both cases. While the charter places teachers in the unclassified service and policemen in the classified service and authorizes the adoption of civil service rules and regulations for the government of the classified service, the fact that it also provides that the charter requirements must be complied with before persons in the classified service can be removed makes their tenure at least as secure as that of teachers. We find no substantial difference in the tenure. Each is entitled to retain his position until removed in the manner prescribed in the charter, and the procedure to be followed in removing the one is the same as that to be followed in removing the other. The charter prescribes the procedure to be followed in making removals and as it makes no provision for a trial we are of opinion that the relator was not entitled to a trial.

Mandamus will lie to reinstate an officer or appointee unlawfully removed from his position, where it clearly appears as a matter of law from the undisputed facts that he was entitled to retain such position. State v. Baldwin, 77 Oh. St. 532, 83 N. E. 907, 19 L.R.A.(N.S.) 49, 12 Ann. Cas. 10, and cases cited in note at page 53 et seq. But mandamus will not lie to reinstate an officer or appointee removed by an official authorized to judge for himself on information within his own knowledge or obtained from others whether cause for removal existed, and who complied with all the statutory requirements in making such removal. Having determined the fact in the exercise of the judgment and discretion vested in him by the statute and in the manner prescribed by the statute, his conclusions cannot be reversed or annulled by mandamus. People v. Board of Education, 212 N. Y. 463, 106 N. E. 307; State v. Register, 59 Md. 283; Miles v. Stevenson, 80 Md. 358, 30 Atl. 646; State v. Board of Fire Commissioners, 26 Oh. St. 24; Pinkerman v. Police Commissioners, 64 Conn. 517, 30 Atl. 758; Lunt v. Davison, 104 Mass. 498; Gleistman v. West New York, 74 N. J. Law, 74, 64 Atl. 1084; State v.

Commissioners of Pilotage, 23 S. C. 175; Kimball v. Olmsted, 20 Wash. 629, 56 Pac. 377; State v. Dahl, 140 Wis. 301, 122 N. W. 748; Johnson v. City of Galveston, 11 Tex. Civ. App. 469, 33 S. W. 150; Riggins v. Richards (Tex. Civ. App.) 79 S. W. 84; State v. Smith, 49 Neb. 755, 69 N. W. 114; Hartwig v. Mayor, 134 Mich. 615, 96 N. W. 1067.

The charter vested the commissioner with power to determine as a fact whether reasons justifying removal existed, and makes no provision for reviewing or questioning his decision in any manner. The court can determine whether the reasons for removal found by him to exist are sufficient in law to justify the removal, and whether in reaching his decision he has pursued the course marked out by the charter, but it cannot substitute its own judgment for that of the commissioner as to matters of fact which the commissioner was authorized to determine. The commissioner may act on his own knowledge or on information furnished him by others. He is the judge of its sufficiency. Only the conclusions at which he arrives are required to be placed of record, not the knowledge or information on which they are based. Questions of fact which the commissioner is empowered to determine for himself, and which he has determined adversely to the claimant, are not open for examination by the court in a proceeding in mandamus to compel reinstatement. Mandamus does not perform the office of a writ of error and cannot be used for the purpose of reviewing the decision of an officer, board or tribunal which acted within the jurisdiction conferred upon it by law. It will not lie to control or coerce the discretion vested in any municipal or executive officer. It will lie only to compel the performance of a duty which the law clearly and positively requires the officer, board or tribunal to perform. Lauritsen v. Seward, 99 Minn. 313, 109 N. W. 404; State v. Cook, 119 Minn. 407, 138 N. W. 432, Ann. Cas. 1914B, 88; State v. City Council of Brainerd, 121 Minn. 182, 141 N. W. 97, 46 L.R.A.(N.S.) 9; State v. District Court of Waseca County, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198.

The statutory provisions for establishing a pension or retirement fund for teachers and prescribing the conditions on which a teacher may participate therein have no material bearing on the present case.

We find no other questions requiring special mention and the order appealed from is affirmed.